FREDERICK W. BOELSEN, Plaintiff, *v.* RUTH L. BOELSEN, Defendant.

Supreme Court, Special Term, Queens County, May 29, 1944.

*Charles Gottlieb* for defendant.

*William H. Robinson* for plaintiff.

COLDEN, J. Defendant brings two motions, one for commissions to take examinations of certain witnesses by written interrogatories, and the other, to place the case on the Military Suspense Calendar (Rules of Appellate Division, Second Department, Special Rule Two, adopted May 26, 1941) of the Special Term Trial Calendar of this court.

The defendant is being sued for an absolute divorce. The charge is that she committed adultery in Miami, Florida, and she seeks to controvert the charge by the testimony of witnesses who reside in Florida and California, and who resided in the premises where and at the time the acts complained of are alleged to have occurred. Heretofore, defendant's application

to take the testimony of these and numerous other witnesses by oral examination upon an open commission was denied by Special Term, which ruling was affirmed by the Appellate Division (*Appeal No. 1*) (267 App. Div. 993). Such ruling does not preclude her from making the present application. She is facing serious charges and is entitled to her day in court to meet them. To deny her the right to take the testimony of these witnesses would be tantamount to denying her the right to defend herself. Her motion is granted and the trial of the action will be stayed until the return of the commissions. Submit order on notice.

An even more serious situation develops in connection with her application to place the case upon the Military Suspense Calendar. The alleged corespondent is now in the naval service of the United States and is on duty with the armed forces at a foreign station. Investigation as to his whereabouts elicited the information from a naval officer attached to the New York Navy Yard that the mailing address of the alleged corespondent indicates that he is outside the United States and on overseas duty, but that the Navy Department will not disclose his precise whereabouts. The alleged corespondent was available for examination when defendant applied for the open commission to take his oral examination. The plaintiff successfully opposed defendant's efforts to take his testimony, and the decision on appeal sustaining plaintiff's opposition was rendered after the corespondent had been assigned to overseas service. It would be palpably unjust to force the defendant on trial until such time as the corespondent is available to give testimony, and particularly so when plaintiff's zealous, astute and correct legal opposition prevented defendant from obtaining the testimony of the corespondent before he was sent overseas. The right of the absent corespondent to his day in court, should he desire to appear in his own behalf, will be also preserved by the granting of defendant's motion. The motion to place this case upon the Military Suspense Calendar of the Special Term Trial Calendar is granted. Submit order on notice.