(February 15, 1955.)

ADA U. RENKOFF, Appellant, *v.* HERMAN RENKOFF, Respondent.

*Per Curiam.* The present decree for alimony was procured in 1937, and, therefore, was subject to the power of the court to annul, modify or vary same (Civ. Prac. Act, § 1170). It was unlike the decree in *Livingston* v. *Livingston*

(173 N. Y. 377), which had been procured in 1892 before the present provisions of section 1170 had been adopted (see *Griffin* v. *Griffin*, 327 U. S. 220; *Karlin* v. *Karlin*, 280 N. Y. 32, and *Fox* v. *Fox*, 263 N. Y. 68).

Accordingly, Special Term was not compelled to award a money judgment for the full amount of past due installments of alimony, even those which had accrued prior to the 1948 amendment of section 1171-b of the Civil Practice Act.

However, the wife should not be deprived of the benefit of her decree unless the husband disclosed facts warranting the exercise of the court's discretion in his favor. Mere delay of the wife in entering judgment if due to or contributed to by the absence of the husband from the State would not be sufficient basis for refusing her relief.

We deem that it would be preferable to have the Official Referee inquire into all the facts and circumstances as to nonpayment of alimony and nonentry of judgment over the years as well as into the husband's present financial circumstances before disposing of the wife's application for judgment, and the wife's application to modify the decree.

The orders appealed from should be modified accordingly. Settle order on notice.

Peck, P. J., Callahan, Breitel, Bastow and Botein, JJ., concur.

Orders appealed from modified so as to refer matter to Official Referee in accordance with opinion. Settle order.