George M. Carney, J.
This is an action by plaintiff wife for, inter alia, a divorce or, in the alternative, for a separation, on the ground of cruel and inhuman treatment. The original answer (Index No. 34798/1969) interposed by defendant husband consisted of a general denial: During the trial, the court granted defendant husband’s motion to amend his answer to include an affirmative defense and counterclaim for separation, alleging adultery on the part of plaintiff wife. Evidence concerning the issue of plaintiff wife’s alleged adultery had been admitted during the trial on the issues of custody and alimony. On May 13, 1971 the trial was continued to September 13, 1971.
*640 The affirmative defense and counterclaim alleges, in substance, that in or about January, 1971 plaintiff wife committed adultery with one Adolph (“ Al ”) Hausman, a resident of New Jersey, at the Holiday Inn, Lakewood, New Jersey.
On this motion, plaintiff wife seeks an order pursuant to CPLE 3108 and 3111 directing the issuance of a commission to one Harold Lipsky, Esq., a New Jersey attorney, as commissioner to take the deposition upon written questions of (a) Adolph Hausman; (b) the manager of Holiday Inn; (c) the manager of the Fairmount Hotel; and (d) the manager of the Crest Motel, as witnesses on behalf of the plaintiff in this action, upon the ground that these witnesses are permanent residents of the State of New Jersey. Plaintiff, more specifically, seeks to examine these witnesses on all evidence material and necessary in her defense of the affirmative defense and counterclaim accusing her of adultery. She also requests that these witnesses be required to produce at their depositions all records in their possession, custody and control, relating to the commission herein.
The attorney for the defendant joins in the application, but on condition he be permitted to examine orally, and that the commission be expanded, insofar as Holiday Inn is concerned, to include the desk registration clerks and any other room service personnel on duty on January 2, 1971, together with all records pertaining to registration for or use of rooms on that day. To this, plaintiff’s attorney replies that he has no objection to an open commission, provided that defendant pays the legal expenses of the open commission and, if defendant does not, plaintiff’s attorney insists that plaintiff’s motion for testimony by written interrogatories be granted — without oral cross-examination by defendant.
Although defendant husband, in substance, joins in plaintiff wife’s application, the court must ascertain if special circumstances warranting the examination here sought are present because of this Department’s policy against disclosure in matrimonial actions, except where special circumstances exist (Ohrstrom v. Ohrstrom, 31 A D 2d 797; Nomako v. Ashton, 20 A D 2d 331; Burch v. Burch, 18 A D 2d 964; Hunter v. Hunter, 10 A D 2d 291).
In her affidavit in support of this application, plaintiff wife avers that she needs the testimony of these out-of-State witnesses to enable her to refute the charge of adultery allegedly committed by her in New Jersey and that without such testimony, she will be totally bereft of any means of rebutting the accusation. Defendant husband does not controvert this. In *641 view of these circumstances (see Boelsen v. Boelsen, 182 Misc. 361, affd. 268 App. Div. 869) and because of the trial amendment of defendant husband’s answer to permit the assertion of the claim of adultery, the court is satisfied that special circumstances have been established warranting the relief here requested.
The court is not unmindful of the decision of the First Department in Faulk v. Faulk (22 A D 2d 671) where it was held that an examination before trial of a corespondent in a matrimonial action was improper. In Faulk, however, as the Appellate Division noted, the corespondent both resided and was employed in New York City. Here, unlike Faulk, the witnesses in question are outside of the jurisdiction of the court and, as a consequence, are beyond the reach of the subpoena power of the court.
In connection with the issue of whether there should be an open commission, defense counsel asserts that it is vital that he be permitted to examine the witnesses orally, particularly Hausman, who he asserts is a witness hostile to his client and friendly to plaintiff wife. Although plaintiff wife has filed a reply affidavit, she has not controverted this claim of hostility. Since it is the purpose of plaintiff wife to utilize the testimony of these witnesses at trial, and in view of defendant’s counsel’s uncontradicted claim of witness hostility, the court deems it appropriate to allow oral examination of the witnesses by both parties, provided that defendant husband pays the expenses. Otherwise, the examination will proceed upon written questions.
It is noted that defendant husband’s request for expansion of the commission to include certain other witnesses is set forth in an answering affidavit, rather than in a notice of cross motion, as required by CPLR 2215. In the absence of an objection by plaintiff wife to this and in the interest of justice under all the circumstances, the court is treating the affidavit as a notice of cross motion.
In view of the foregoing, the motion is granted to the extent of directing the issuance of a commission to Harold Lipsky, Esq., 130 2nd Street, Lakewood, New Jersey 08701, as commissioner, to take the deposition upon written questions propounded by the parties to those witnesses requested in the notice of motion of plaintiff wife, as well as those requested in the affidavit of defense counsel. The defendant husband may elect, upon settlement of the order hereon, to convert the deposition process into an oral examination of the witnesses, provided that he pay the expenses.