■    Isa Righter, Appellant, v. John Righter, Respondent.— Order, Family Court, New York County, entered May 31, 1973, canceling all arrears owed by respondent, directing a plenary hearing as to petitioner's current needs and respondent's ability to meet them, and impliedly denying petitioner leave to take her own deposition on written questions, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for further proceedings consistent herewith. Petitioner, who currently resides in Italy, obtained a $25 a week support order in May, 1963. Alleging that respondent made only two such payments, petitioner instituted the current proceeding some eight years later to compel respondent to pay the arrearages. Respondent interposed an answer and sought affirmative relief on the grounds, *inter alia,* that petitioner waived all arrears by reason of her failure to enforce the prior order and because of her gross laches. Relying on her foreign residence and claimed illness, petitioner served on respondent, in purported compliance with CPLR 3109, a notice of the taking of her own deposition on written questions, together with the proposed written questions to be asked.

Respondent moved for a protective order. Though the substantive issues were not presented or argued the court, *sua sponte*, vacated the arrears because of petitioner's delay in seeking compliance with the eight-year-old support order. While such relief may ultimately be warranted, no evidentiary basis for such finding currently exists on this record.. Mere delay is not enough. (Cf. *Renkoff* v. *Renkoff*, 285 App. Div. 876.) Petitioner should be afforded a full opportunity to controvert the issues raised by respondent's answer. Respondent's application for a protective order was granted on the ground that no competent proof of petitioner's inability to attend a hearing was presented. Completely ignored, however, was the assertion of petitioner's foreign residence. (CPLR 3108.) If petitioner does reside in Italy, her deposition may be taken in the manner requested. However, we suggest inclusion in any order granting such relief an appropriate direction to the effect that if petitioner should come to this country for the hearing or for any other purpose, she shall promptly notify respondent and make herself available for oral examination here. (*Zilken* v. *Leader*, 23 A D 2d. 644.) Concur — Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.