ANONYMOUS, Respondent, v ANONYMOUS, Appellant.

First Department, December 4, 1979

### APPEARANCES OF COUNSEL

*Stanley Geller* of counsel *(Randy N. Eisenpress* with him on the briefs; *Butler, Jablow & Geller,* attorneys), for appellant.

*Bernard Dworkin* of counsel *(Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for respondent.

### OPINION OF THE COURT

SULLIVAN, J.

This is an action for divorce brought on the ground of cruel and inhuman treatment. In a counterclaim the husband also seeks a divorce, alleging adultery, abandonment and cruel and inhuman treatment.

The action was commenced on May 22, 1978. On September 5, 1978, after joinder of issue, but before the matter was placed on the trial calendar, the wife moved under section 234 of the Domestic Relations Law for an order requiring the husband to turn over certain letters in his possession, purportedly written to her by one with whom, according to the allegations of the counterclaim, she had engaged in an adulterous relationship. The husband had found the letters sometime in August, 1974, apparently hidden in a bag stored in the closet of the parties' apartment. This discovery provoked an accusation of adultery, which the wife denied and steadfastly continues to deny. The husband has retained custody of the letters ever since. The wife asserts the right to possession of the letters, as well as a proprietary interest.

Claiming that the letters are relevant to, *inter alia,* the issues of both the wife's alleged adultery and the custody of the three children of the marriage, the husband opposed the motion as being a subterfuge for an application under CPLR article 31 because it, in reality, sought discovery of evidence bearing upon the merits of nonfinancial issues in a matrimonial action, relief which, he contended, is unavailable in such a proceeding.

The husband also asserted a possessory right, alleging that when he confronted his wife with the letters at the time of their discovery, she told him that, if he wished, he could retain them. This, of course, was denied by the wife who alleged that the husband had, without authority, taken and kept the letters, often referring to them as "hostages" for her good behavior, and that she had made numerous demands for their return.

Special Term referred the question of title to the letters and the right to possession to a Referee to hear and report. At the commencement of the hearing, when the husband, for the first time, raised the three-year Statute of Limitations applicable to an action for the recovery of a chattel (CPLR 214, subd 3), Special Term, upon stipulation of the parties, enlarged the reference to include the question of whether the wife's claim to the letters was time-barred.

After the completion of the hearing the Referee found that the husband had taken and held the letters without permission. On the question of the Statute of Limitations, the Referee, citing *Huggins v Associated Hosp. Serv. of N. Y.* (53 Misc 2d 160) and *Kyle v Village of Catskill* (81 Misc 2d 1035), recommended that the husband, by his conduct in holding the letters for ransom and, on the basis of their disclosures, having failed to act for almost four years to terminate the marriage, be estopped from asserting the defense.

On the motion to confirm, Special Term held that there was ample support for the Referee's finding that the husband took and kept the letters without permission. It considered the Statute of Limitations issue, however, *de novo,* and concluded that since CPLR 214 (subd 3)[1] refers only to an "action" the proscriptive period is inapplicable to a motion brought pursuant to section 234 of the Domestic Relations Law. We disagree but hold that, irrespective of the question of title, the wife is entitled to copies of the letters and that their production before trial does not offend this court's policy against pretrial examination in matrimonial actions. (See *Nomako v Ashton,* 20 AD2d 331, 333; see, also, *Ohrstrom v Ohrstrom,* 31 AD2d 797; *Mook v Mook,* 13 AD2d 465, 466; *Hunter v Hunter,* 10 AD2d 291, 294, mot for lv to app den 10 AD2d 937; *Tausik v Tausik,* 280 App Div 887.)

Section 234 of the Domestic Relations Law authorizes the court in a matrimonial action to "(1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties. Such direction may be made in the final judgment, or by one or more orders from time to time

---

1. "[A]n action to recover a chattel or damages for the taking or detaining of a chattel" must be commenced within three years.

before or subsequent to final judgment, or by both such order or orders and final judgment."

Thus, a court may even award one spouse possession, *pendente lite,* of property, title to which lies in the other, as, for example, in the case of a wife seeking the continued use during trial of the marital home, furniture and furnishings. *(Katz v Katz,* 63 AD2d 581.) It is equally well-established, however, that the statute has only procedural application, and that it was never intended to alter existing substantive property law principles. "[T]he court may exercise its discretion only with regard to questions of possession. '[T]he determination of title questions [is] to be controlled by principles of property law.'" *(Kahn v Kahn,* 43 NY2d 203, 209, citations omitted.) It has always been the rule that the Statute of Limitations applies in a proceeding between husband and wife where title to property is contested. *(Scheuer v Scheuer,* 308 NY 447; *Dunning v Dunning,* 300 NY 341.) In *Dunning* the Court of Appeals had occasion to note (p 343): "it is unnecessary, strictly speaking, for us to comment on the statement in one of the opinions below (citing cases in other States) that the Statute of Limitations does not run in favor of one spouse as against the other while they are living together. However, we point out that no such exception is found in article 2 of the Civil Practice Act, or elsewhere in our statutes, and the creation thereof is beyond the power of any court * * * Quite obviously, too, a refusal to apply time limitation statutes between husband and wife would be inconsistent with the New York Married Women's Property Act."

In holding that the three-year Statute of Limitations is inapplicable because CPLR 214 (subd 3) refers to an "action" to recover a chattel whereas only a motion is involved here, Special Term unduly focused on the term "action". While it is true that all statutory limitations of time refer to the commencement of an "action", courts should "look for the reality, and the essence of the action and not its mere name." *(Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264.) "The classification and nature of a proceeding for purposes of statutes of limitation do not turn upon the appellation attributed thereto by the pleader or even upon the artificial guise in which the pleader would garb the proceeding to gain the advantage of a longer statutory period". *(Matter of Consilvio,* 112 NYS2d 9, 11.)[2]

---

2. While the cited cases dealt with characterizations of causes of action pleaded, the same rationale would apply to any distinction between actions and motions.

We fail to see why a section 234 motion, which lacks an existence independent of the main matrimonial action, is insulated from the restrictions of the Statute of Limitations, since the rationale underlying them is as applicable to motions as to plenary actions. The statutes "are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *(Chase Securities Corp. v Donaldson,* 325 US 304, 314.) They represent a legislative judgment that the occasional hardship engendered by the barring of a justified claim "is outweighed by the advantage of outlawing stale claims." *(Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 302.) Thus, it seems clear that the various Statutes of Limitation are applicable to proceedings within an action, including a motion pursuant to section 234 of the Domestic Relations Law.

Policy considerations, as well, necessarily dictate the same result. Otherwise, a party to a matrimonial action claiming a right to a chattel superior to the other party could avoid the bar of the Statute of Limitations merely by moving to recover the chattel under section 234 of the Domestic Relations Law.

In directing a turnover of the letters, Special Term no doubt sought to bring about an equitable result. It ignored, however, what both parties recognized, either expressly or tacitly, i.e., that the only value in the letters is their relevancy to the issues to be litigated in this action. There is no suggestion that these letters have any value, intrinsic or otherwise. Both sides apparently proceeded on the mistaken notion that, because this is a matrimonial action, discovery, even of the limited type sought here, was forbidden, absent special circumstances not present here (cf. *Patron v Patron,* 67 Misc 2d 639). Such a blanket prohibition does not exist. The policy against pretrial discovery in matrimonial matters is, in the main, limited to the pretrial examination because it "too often becomes an exacerbating circumstance." *(Hunter v Hunter,* 10 AD2d 291, 294, *supra; Nomako v Ashton,* 20 AD2d 331, 333.) That policy is not violated by the simple production of copies of the letters of a third person which are withheld by the spouse of the party to whom they were written, when these letters bear on the issues in the parties' matrimonial action.

Thus, the motion should have been decided on the moving and opposing papers. The reference was unnecessary and

inappropriate to the relief actually sought. Obviously, the wife was only interested in the contents of the letters for trial preparation. She did not make any showing why her claimed property right to the letters had to be vindicated before trial, pursuant to section 234 of the Domestic Relations Law, rather than during trial or in a final judgment. Thus, resort to the statute was not justified.

In addition, we take note that under CPLR 3101 (subd [e]) a party may obtain a copy of his own statement. Although the letters at issue were not authored by a party but, rather, were written to and formerly in the possession of a party, we believe that, in the exercise of beneficent discretion, directing the husband to produce copies of the letters would serve "the interests of truth and justice". (See *Baczmaga v Reynolds,* 44 Misc 2d 997, 999.)

Of course, we recognize that the proper manner to obtain discovery of a specified item is by notice pursuant to CPLR 3120. But it appears that the wife was confounded by the belief that discovery which bears upon the merits of the nonfinancial issues in marital actions was prohibited, and consequently sought relief in a statute (Domestic Relations Law, § 234) which was never intended for discovery. Finally, we would be remiss if we did not caution that the limited right of discovery sanctioned here should not be taken as a signal that the rule against discovery in matrimonial actions is being relaxed.

At trial, the court may determine, if necessary, title to the letters, and make any direction regarding the appropriate disposition of the originals. The husband's defense of the Statute of Limitations (CPLR 214, subd 3) is preserved, as well as the wife's claim of estoppel. Suffice to say, a direction that the husband provide the wife with copies of the letters pending trial provides her with all the protection that she requires at this time.

Accordingly, the order, Supreme Court, New York County (SHEA, J.), entered July 17, 1979, granting plaintiff's motion for an order requiring that defendant turn over certain letters in his possession, should be modified, on the law, and in the exercise of discretion, without costs or disbursements, to the extent of directing defendant to furnish plaintiff with copies of said letters and, except as thus modified, affirmed.

BLOOM, LANE, LUPIANO and ROSS, JJ., concur.

Order, Supreme Court, New York County, entered on July 17, 1979, modified, on the law, and in the exercise of discretion, without costs and without disbursements, to the extent of directing defendant to furnish plaintiff with copies of certain letters and, except as thus modified, affirmed.