*289 OPINION OF THE COURT
Marilyn R. Friedenberg, J.
This is an application pursuant to section 460 of the Family Court Act for an order directing the entry of a money judgment in the sum of $3,320, plus costs, on arrears reserved generally by this court on August 12, 1974.
Petitioner filed a Uniform Support of Dependents Law (USDL) petition on April 4, 1972, in the County of Orange, State of California. Said petition was forwarded to the Nassau County Family Court in accordance with section 37 of article 3-A of the Domestic Relations Law. Respondent, a resident of Nassau County, State of New York, appeared on May 12, 1972, and upon his consent, a final order of support was entered ordering respondent to pay the sum of $30 per week through the Probation Department for the support and maintenance of one child, effective May 15, 1972.
A violation of support order petition was filed on August 28, 1972, alleging that the respondent had failed to comply with the order and that arrears at that time were alleged to be $375.
After personal service of the respondent was attempted by the Sheriff’s Department and an affidavit returned by them indicating that they were unable to locate and serve the respondent, a warrant was issued for the respondent’s arrest on January 29, 1973.
At the request of the petitioning court, on September 3, 1974, on a so ordered calendar, the warrant issued on January 29, 1973, and the support order made on May 12, 1972, were vacated. Arrears in the amount of $3,320 were reserved generally as of August 12, 1974.
On October 23, 1979, petitioner herein applied to the court by an order to show cause dated November 5, 1979, for a judgment on the arrears pursuant to section 460 of the Family Court Act.
The respondent appeared with counsel on January 14, 1980, and submitted a written answer denying each and every allegation of paragraph 3 of the petition and interposing the following affirmative defenses: (1) that petitioner is not entitled to the relief sought by reason of loches, and (2) that petitioner’s application is barred by reason of the three-year Statute of Limitations contained in CPLR 214 (subd 2).
*290 Respondent made an oral motion to dismiss the application on the same grounds.
The respondent contends that petitioner’s application is barred by reason of the three-year Statute of Limitations contained in CPLR 214 which provides as follows:
"The following actions must be commenced within three years: * * *
"2. an action to recover upon a liability, penalty or forfeiture created or imposed by statute”.
However, he fails to take into consideration section 165 of the Family Court Act which provides that: "Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.”
The provisions of the CPLR apply only when the Family Court has jurisdiction and the Family Court Act does not prescribe the method of procedure. Section 451 of the Family Court Act provides that: "The court has continuing jurisdiction over any support proceeding brought under this article until its judgment is completely satisfied and may modify, set aside or vacate any order issued in the course of the proceeding.”
The Family Court Act explicitly gives the court continuing jurisdiction in support proceedings "until its judgment is completely satisfied”. In the present matter before the court, the arrears were reserved generally by the order dated September 3, 1974; therefore, the court’s judgment has not been completely satisfied and would not be until the arrears were either vacated, modified or subject to a money judgment entered under section 460 or otherwise disposed of.
In Matter of Arlene W. v Robert W. (70 Misc 2d 1041), cited by both petitioner and respondent, arrears were held in abeyance after a support order was terminated.
The court reasoned (p 1044) that when the arrears were held in abeyance, the "only fair interpretation of the phrase as used by the court is that jurisdiction was reserved and continued for the purpose of future disposition of the liquidated obligation to pay arrears as the later circumstances of the parties might require. This is obviously what the court intended to do, and what it had the right to do under section *291 451 of the Family Court Act * * * The final disposition of the arrears thus continued here as a matter pending before this court, and the proceeding stayed alive for this purpose. As such it became subject to the provisions of section 460”. (See, also, Matter of Frances B. v Robert B., 66 Misc 2d 227.)
The respondent cites the case of Anonymous v Anonymous (71 AD2d 209) as being applicable to the present proceedings. In the Anonymous case, the court was called on to review section 234 of the Domestic Relations Law which authorized the court in a matrimonial action to make a determination as to the title of property arising between the parties. The defendant raised a three-year Statute of Limitations which would bar the recovery of a chattel (CPLR 214, subd 3) urging that the three-year Statute of Limitations applies to section 234 of the Domestic Relations Law. In reversing Special Term, which had granted the motion for the return of certain letters written to the plaintiff and in possession of the defendant, the Appellate Division applied the three-year statute.
In the matter before this court, the petitioner seeks a judgment for arrears reserved generally in a support proceeding previously commenced and still continuing. A new action has not been brought nor is the application for a judgment on arrears an attempt to bypass the Statute of Limitations as in the Anonymous case. There the cause of action for recovery of a chattel existed outside the matrimonial action itself.
In the case at issue, the remedy of a judgment on arrears exists under section 460 of the Family Court Act as an outgrowth of the continuing jurisdiction in the Family Court action which has not been "completely satisfied”. There is no independent civil cause of action for enforcement of such rights.
"An order of this court is not a vested right. Not only is it always modifiable, but it is also subject to discontinuance; even arrears which have accrued under such an order may in the discretion of the court be cancelled (Family Ct. Act, §§ 451, 458).” (Matter of Jones v Jones, 51 Misc 2d 610, 614.) Therefore, the provisions of section 451 of the Family Court Act apply.
The respondent’s other affirmative defense is one of loches. The application of the doctrine of loches requires more than delay of time. In Righter v Righter (44 AD2d 669), the court held that the mere delay of eight years in bringing an action for arrears is not enough without more evidence, to *292 vacate arrears. (See, also, Renkoff v Renkoff, 285 App Div 876.)
The record indicates that the warrant for the respondent’s arrest could not be executed in the county of his residence from January 29, 1973, until September 3, 1974. The support order was vacated without respondent’s appearance in court. Credence can, therefore, be given to petitioner’s contention that she was unable to locate the respondent since 1973 and that she filed the afore-mentioned petition as soon as she learned of his whereabouts.
The respondent’s contention that he did not assert visitation rights with his child in five years because of his belief that petitioner had left the jurisdiction is contradicted by the facts. This is a Uniform Support of Dependents Law action and the respondent was aware that the petitioner was outside the jurisdiction of the court at the time the action was commenced. Further, the petitioner’s address was known to this court. Respondent offers no evidence that any attempt was made to exercise his rights of visitation.
Section 458 of the Family Court Act provides that "The court, absent a showing of good cause, may not cancel any or all arrears of payments. The basis for any cancellation of any or all arrears shall be set forth in writing in the court record or order of cancellation.” Section 460 of the Family Court Act provides that:
"1. Where the family court enters an order * * *
(d) awarding support under article 3-A of the domestic relations law * * * and the party defaults in paying any sum of money due as required by the order directing the payment thereof, the court, in its discretion and without regard to the amount due, may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof, as justice requires having a regard to the circumstances of the respective parties, together with ten dollars costs and disbursements.”
Therefore, testimony must be taken to establish the respective circumstances of the parties.
Further, in Matter of Pavich v Pavich (24 AD2d 482) the court held that proof should be taken as to the current financial ability to pay the arrears and proof should be taken as to the current financial status of the wife in determining if the accrued arrears should be reduced, and if so, the extent of *293 the reduction. (See, also, Matter of Abbondola v Abbondola, 40 AD2d 976.)
Accordingly, the respondent’s motion to dismiss on the grounds that the petitioner’s application is barred by reason of the three-year Statute of Limitations contained in CPLR 214 (subd 2) and on the grounds of loches is denied.
The matter is set down for a hearing in this court on April 1, 1980, to determine the extent of the arrears for which judgment should be granted, as justice requires.