■ JUDITH KAPLAN, Respondent, v MORAN R. KAPLAN, Appellant.—In a support proceeding, in which the father moves to vacate arrears in child support that have accrued pursuant to an order of the Family Court, Orange County, entered February 16, 1968, the father appeals, by permission, from an order of the Family Court, Orange County, dated December 20, 1979 which denied the motion. Order reversed, without costs or disbursements, and matter remanded to the Family Court for an evidentiary hearing consistent herewith. On this appeal from the order denying the appellant's motion to vacate the arrears (some $19,000) which have accrued since approximately June, 1971 under an order of support entered February 16, 1968, he contends that he is entitled to cancellation because of the mother's willful frustration since at least December, 1972, of his visitation rights provided in the order. Moreover, he suggests that her failure to seek enforcement of the support order was motivated by her desire to deny him visitation. The appellant also maintains that a determination made in an adoption proceeding brought by the mother and her second husband is conclusive on the issue of her willful conduct. The question of jurisdiction,

which was raised by appellant in his motion papers, is, in effect, conceded in his brief. There he merely urges that it is inappropriate for the Family Court "to pursue" him for the arrears, when neither he, the mother, nor the children any longer reside in Orange County and the mother has not instituted a proper enforcement proceeding. The appellant is entitled to an evidentiary hearing at which he may establish his right to cancellation or reduction upon proof of such factors as his inability to pay and the deliberate frustration of his visitation rights by the mother (see *Abraham v Abraham,* 44 AD2d 675, 676). Another relevant consideration is the failure of the mother to seek enforcement of the order (cf. *Righter v Righter,* 44 AD2d 669). We reject appellant's contention that the memorandum decision that issued in the adoption proceeding brought by the mother and her second husband is conclusive on the issue of the mother's willful frustration of his visitation rights. In reviewing the parties' claims, the Surrogate determined that there was no abandonment; the court specifically noted that its decision was not to be read to obviate appellant's obligation to support his children. Lazer, J. P., Gibbons, Rabin and O'Connor, JJ., concur.