■ HENRY G. WEYERHAEUSER, Appellant, v SUSAN W. WEYERHAEUSER, Respondent. SUSAN W. WEYERHAEUSER, Respondent, v HENRY G. WEYERHAEUSER, Appellant. — Order, Supreme Court, New York County, entered September 14, 1979, unanimously modified, on the law and the facts and in the exercise of discretion, to strike Action No. 2 from the calendar, to consolidate it with Action No. 1, to deny the motion of defendant-respondent (Action No. 1) and plaintiff-respondent (Action No. 2) Susan W. Weyerhaeuser for a protective order against notice of deposition, and otherwise to affirm, without costs. A brief history of certain aspects of this matrimonial litigation is in order. The parties married in 1967 and have one small child. They separated in 1976 on the basis of a handwritten memorandum which was stated to be by their "joint and mutual consent" a "marital separation on a trial basis." About a year later, a formal separation agreement was executed, followed by the husband's suit for divorce (Action No. 1) on the ground of cruel and inhuman treatment. There was then some negotiation, in the course of which the wife requested an amount in excess of the agreement's stipulation, and settlement fell through. The husband's next move was to amend his complaint to charge the wife with adultery, which would have had the result, were he successful, of denying her alimony. She immediately commenced Action No. 2 on the theory of conversion of the separation agreement, countered by his claim of nondelivery of the agreement and its repudiation, and his demand for a bill of particulars and a copy of the agreement. He moved to consolidate or to strike her action from the calendar on the ground that another action is pending. There was a cross motion for a protective order, granted by Special Term, while the husband's requests were denied. The deposition sought has a solid and proper purpose, highly restricted to the narrow question of existence and validity of the separation agreement; it bears no resemblance to those depositions discouraged in matrimonial cases. (See *Billet v Billet,* 53 AD2d 564; *Anonymous v Anonymous,* 71 AD2d 209, 214.) The heart of this controversy, resolution of which will chart the further course of the litigation, is whether the separation agreement exists or was repudiated by the conduct of either or both of the parties. This question must be laid to rest before the case may continue. Grant of the protective order was therefore improvident. Concur — Murphy, P.J., Kupferman, Birns and Markewich, JJ.