OPINION OF THE COURT
Vincent R. Balletta, J.
This is a bitterly contested matrimonial matter in which the custody of the infant child of the parties is in question. As we enter the custody portion of the case, the defendant has made an application for an order directing the plaintiff to turn over certain tape recordings of conversations between the plaintiff and defendant which were secretly recorded by the plaintiff. The defendant seeks to have these tapes available prior to her testimony. The plaintiff vigorously opposes the application and indicates a concern that the defendant would tailor her testimony to the tapes. He suggests the tapes should be provided to her after her testimony.
Before this disclosure may be granted, the plaintiff must overcome two obstacles: first, the timeliness of the application, and second, assuming the application is timely, whether the defendant is entitled to the material.
On the issue of timeliness, CPLR 3102 (subd [d]) provides that after trial is commenced, disclosure may be obtained only by order of the trial court. Furthermore, section 675.7 of the Rules of the Appellate Division, Second Department (22 NYCRR 675.7), provides in pertinent part: “After any action has been placed on the trial calendar pursuant to this Part, except as permitted by section 675.6 of this Part, no pretrial examination or other preliminary proceedings may be had unless unusual and unanticipated conditions subsequently develop which make it necessary that further pretrial examinations or further preliminary *392 proceedings be had and if without them the moving party would be unduly prejudiced.”
The plaintiff argues that the defendant’s application is untimely and that the existence of the tapes can hardly be considered unanticipated and unusual conditions that subsequently developed after the filing of the note of issue. In support of this, the plaintiff argues that the defendant’s counsel had been aware of the existence of the tapes at least as of July, 1980 by virtue of the fact that an affidavit served upon the defendant’s counsel contained a statement by the plaintiff’s prior attorney that the plaintiff “on several occasions” recorded conversations with the defendant.
This court does not consider the motion to be untimely. When a similar motion was made orally at the commencement of the fault portion of this trial, the motion was denied, the court recognizing the difference between such a request on the fault portion rather than the custody portion of the trial. By virtue of the July 14,1980 affidavit, the defendant was on notice with respect to the existence of several tapes, which have now been used. Noyr, however, in the custody stage, where it appears that there are more than several tapes, the motion is being renewed. This court is not prepared to say that the affidavit put the defendant on notice of the existence of more than several tapes. This is especially so where the best interests of the child are of paramount concern to the court (Friederwitzer v Friederwitzer, 55 NY2d 89) and the production of these additional tapes may be of some probative value to the court in determining what the best interests of the child are. The standard to be applied as to what is unusual and unanticipated must be somewhat relaxed on a question of custody. The existence of apparent extensive tapings is unusual and unanticipated for the purpose of this motion.
Turning to the merits of the motion, CPLR 3101 (subd [e]) specifically provides: “A party may obtain a copy of his own statement.” To be a statement so as to fall within the provisions of CPLR 3101 (subd [e]), the subject matter must not necessarily be reduced to writing and contained within the four corners of a page. Indeed, the Appellate Division, First Department, in Saccente v Toterhi (35 AD2d *393 692), has held that a photograph of a party is a statement, and pursuant to CPLR 3101 (subd [e]), the party is entitled to a copy thereof. Additionally, and with specific reference to this case, the Appellate Division, Fourth Department, in McKenzie v McKenzie (78 AD2d 585), has held that tape recordings made by one spouse of another in a matrimonial action are statements to which the other party is entitled.
With respect to the issue of discovery generally in a matrimonial action, the court takes notice of the prevalent practice of the courts to deny discovery with respect to nonfinancial issues. The courts of the First and Second Departments have been stricter than the courts in the Third and Fourth Departments with respect to permitting disclosure as to nonfinancial matters. (11A Zett-EdmondsSchwartz, NY Civ Prac, par 35.03.) However, the fact that the First and Second Departments are stricter in their application of the rule does not mean that in this particular instance disclosure should not be granted. In Anonymous v Anonymous (71 AD2d 209), in a somewhat analogous case, the court permitted disclosure, in a matrimonial action based upon adultery, of letters written, not by a party, but rather to the party and formerly in possession of that party. In making its decision, the court specifically stated that generally discovery will not be allowed, but indicated that it was permitted a limited right of discovery, noting (p 214): “that under CPLR 3101 (subd [e]) a party may obtain a copy of his own statement. Although the letters at issue were not authored by a party but, rather, were written to and formerly in the possession of a party, we believe that, in the exercise of beneficent discretion, directing the husband to produce copies of the letters would serve ‘the interests of truth and justice’.”
The court in Anonymous (supra) permitted the limited disclosure, relying on CPLR 3101 (subd [e]) and the fact that a party is entitled to a copy of his own statement. The decision to permit a party in a matrimonial action to discover his own statement taken by a recording device is a commonsense one. One might almost say that fairness dictates that there be such disclosure. In Anonymous, the court, in ordering disclosure, indicated that it was in the interest of truth and justice. Such is the case here also. The *394 court is also mindful of the fact that this is a custody case and the parties should have available to them all relevant material which might enable the court to make a proper decision.
With respect to the concern of the plaintiff that the defendant might tailor her testimony to the tapes, the same objection could be made that the plaintiff might also tailor his testimony to the tapes which are presently in his possession. One of the responsibilities of the court in this case, as in any case, is to judge the veracity of each witness in general and in regard to his or her specific testimony.
Accordingly, the defendant’s motion is granted, and the plaintiff is directed to forthwith turn over to the defendant’s attorney for discovery and inspection any and all tapes made of the defendant by the plaintiff which have not heretofore been examined by the defendant.