■ ALEXANDRIA P. PATRIZIO, Respondent-Appellant, v LOUIS A. PATRIZIO, Appellant-Respondent. (Appeal No. 1.) — Motion for reargument granted to the extent that this court's decision and memorandum dated May 26, 1983, in appeal No. 1 (94 AD2d 971), amended to read as follows: Judgment unanimously modified to grant a new trial on the issues of custody, visitation, child support and counsel fees, and otherwise judgment affirmed, without costs.

Memorandum: A trial court has wide discretion to determine the issue of cruel and inhuman treatment and such a determination will not lightly be overturned on appeal (*Davis v Davis,* 83 AD2d 547). The record clearly supports the grant of dual divorces (*Hessen v Hessen,* 33 NY2d 406). However, with respect to other issues involved in the divorce action, the trial court failed to comply with the duty imposed upon it by statute to "state the facts it deems essential" to its decision (CPLR 4213, subd [b]). It is thus impossible to review the decretal paragraphs of the judgment relating to custody, visitation, child support and counsel fees in any informed manner. Section 7-a of the Judiciary Law states that, "[a]fter a judge is out of office, he may settle a transcript or statement for a record on appeal or make any return of proceedings had before him while he was in office". Judge McKennan, the Trial Judge in this matter, is no longer in office and thus does not have the authority to make the required findings of fact. The trial court properly granted plaintiff's motion to compel defendant to pay the rent. Plaintiff's change of residence did not absolve defendant from his obligation to continue payment of this necessary expense. Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.