■ ILEANA SZIGYARTO, Appellant, v SAM SZIGYARTO, Respondent. — Appeal from an order of the Family Court, Queens County (Greenbaum, J.), dated November 23, 1982, which relieved the respondent father of his obligation to pay $1,750 in accrued child support payments. ¶ Order affirmed, without costs or disbursements, for reasons stated in the decision of Family Court Judge Greenbaum (116 Misc 2d 742). O'Connor, Brown and Eiber, JJ., concur.

Titone, J. P., dissents and votes to reverse the order and deny the father's application to modify the support order, with the following memorandum: In September, 1980, a payroll deduction order was entered against the respondent father, pursuant to section 49-b of the Personal Property Law, in the sum of $70 per week in an effort to collect accrued but unpaid court-ordered child support. It appears that respondent's former employer deducted the sum from his salary, but converted the funds. The company has now collapsed and cannot remit any of the withheld moneys to the Support Collection Unit. ¶ The Family Court held that the petitioner mother must bear the loss for the embezzlement. I disagree. ¶ Respondent was not relieved of his obligation under the support order until payment was actually tendered to the court's Support Collection Unit (see *Colonial Discount Co. v Miller,* 257 App Div 969; *Matter of Gordon,* 2 Bankruptcy Rptr 641, 643). Unlike income tax withholding (see Tax Law, § 675; *People v Lyon,* 82 AD2d 516), an employer is not a trustee for the deducted funds. Consequently, respondent's liability has not been discharged. ¶ Nor is the claim barred by laches, assuming, without deciding, that laches may be asserted as a defense in a support proceeding (cf. *Matter of Campas v Campas,* 61 Misc 2d 49, 54; Support Payments — Recovery — Laches, Ann., 5 ALR4th 1015), as the application of that doctrine requires more than a mere delay of time (*Righter v Righter,* 44 AD2d 669, 670; *Matter of Connors v Connors,* 103 Misc 2d 288, 291). It cannot be said that respondent was prejudiced by petitioner's delay inasmuch as he had it within his powers to avoid the wage deduction procedure altogether by making the payments on his own.