■ MELINDA McMAHAN, Respondent, v DAVID B. McMAHAN, Appellant. — Order of the Supreme Court, New York County (Hortense W. Gabel, J.), entered on September 23, 1983, which granted plaintiff's motion to compel defendant to furnish her with copies of all tape recordings and transcripts thereof of conversations by her, is affirmed, without costs or disbursements. ¶ Order of the Supreme Court, New York County (Hortense W. Gabel, J.), entered on July 7, 1983, which denied defendant's motion to compel plaintiff to appear for a further oral examination relating to allegations of marital misconduct, is affirmed, without costs or disbursements. ¶ Defendant contends that the adoption of equitable distribution made obsolete the rule prohibiting pretrial disclosure on the issue of marital fault. He argues that since section 236 (part B, subd 5, par d, cl [10]; subd 6, par a, cl [10]) of the Domestic Relations Law authorizes the court, in determining the question of property distribution and maintenance, to take into consideration "any other factor which the court shall expressly find to be just and proper", marital fault is, therefore, a proper subject for discovery. However, we are not persuaded that the 1980 amendments to the Domestic Relations Law, absent unusual circumstances not here apparent, require departure from the principle against disclosure with regard to particular acts of marital misconduct. (See *Weyerhaeuser v Weyerhaeuser,* 79 AD2d 902; *Anonymous v Anonymous,* 71 AD2d 209; *Billet v Billet,* 53 AD2d 564.) In that connection, we agree with the conclusion by the Second Department in *Blickstein v Blickstein* (99 AD2d 287) that "marital fault is not generally a relevant consideration in the equitable distribution of marital property of divorcing spouses". Notwithstanding the dissent's inaccurate characterization of the view expressed here, we believe that the statute does not expressly preclude marital fault as one of the factors

which the court should take into account. There may well be exceptional circumstances when such disclosure is appropriate. Yet in most instances, other than to exacerbate an already frequently acrimonious relationship, no purpose would be served in allowing discovery of the various charges and countercharges of misconduct which an estranged husband and wife engage in hurling at each other. Whatever possibility there might exist for the couple involved in this litigation to be able to deal courteously with each other in the future, if only for the sake of their children, would be rendered even more unlikely by further exploration into specific acts of wrongdoing. Consequently, we perceive no compelling need for the sort of disclosure being sought here by defendant such as would warrant interference with the trial court's exercise of discretion in the instant matter. Concur — Sullivan, Bloom and Milonas, JJ.

Kassal, J., dissents in part in a memorandum and Kupferman, J. P., concurs in Justice Kassal's dissent in part in a separate memorandum as follows:

Kassal, J. (dissenting in part). The issue is whether pretrial disclosure on the issue of alleged fault or marital misconduct should be allowed in appropriate cases. ¶ We disagree with the determination of the majority denying such pretrial disclosure and, accordingly, we would reverse the order entered July 7, 1983 and direct plaintiff to appear for examination before trial. In view of the introduction of equitable distribution on July 19, 1980, it is appropriate to reexamine the prevailing rule in this department precluding disclosure with respect to marital fault. Inasmuch as fault may now be a relevant consideration in determining an equitable distribution of property (Domestic Relations Law, § 236, part B, subd 5, par d, cl [10]) and in fixing the amount and duration of maintenance (Domestic Relations Law, § 236, part B, subd 6, par a, cl [10]), discovery may be had on that issue in a proper case, subject to the court's power to regulate disclosure "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." (CPLR 3103, subd [a].) ¶ The parties were married on January 3, 1969. The action, brought by the wife in February, 1981, seeks a divorce or a separation, as well as incidental marital relief, including, *inter alia,* custody and support of the infant issue, maintenance, exclusive occupancy of the marital residence and equitable distribution. Plaintiff, in 46 separate allegations of improper conduct, charges defendant with cruel and inhuman treatment endangering her physical and mental well-being and rendering it unsafe for her to cohabit with him. Among the charges of abuse and neglect, it is alleged that, for more than five years, defendant was abusive, subjecting plaintiff to a "silent treatment", engaged in drinking intoxicating beverages to an excess, tormented plaintiff with boasts of sexual relationships with other women and degraded, ridiculed and humiliated her in front of their children. ¶ Defendant, in his amended answer, denied the wife's claims and counterclaimed for divorce on the grounds of adultery and cruel and inhuman treatment, charging plaintiff with being "an unfaithful, disloyal, abusive, and neglectful wife and mother * * * engaging in sexually promiscuous conduct with various men, including one-night stands and more long-term affairs, attempting to seduce mutual friends and associates, offering sexual favors to men in exchange for money, boasting to others about her sexual escapades * * * engaging in drug abuse * * * physically and verbally assaulting defendant * * * threatening defendant's daughter * * * with arrest for 'trespassing' in the marital residence * * * and wastefully dissipating marital property". Defendant alleges that she committed adultery on specified dates with identified individuals, including plaintiff's attorney. ¶ When the parties appeared for deposition, plaintiff refused to respond to questions relating to her alleged marital misconduct. Thereupon, the husband moved for an order directing a further examination before trial. Special Term denied the motion, concluding that disclosure could not be had with respect to

particular acts of marital misconduct (*Hunter v Hunter,* 10 AD2d 291; *Billet v Billet,* 53 AD2d 564). This has been the long-standing principle in this department, the more recent cases having adhered to a restrictive approach to discovery in matrimonial actions (see *Anonymous v Anonymous,* 71 AD2d 209, 214; *Weyerhaeuser v Weyerhaeuser,* 79 AD2d 902 [both are pre-equitable distribution cases]). ¶ We find unwarranted the majority's rigid adherence to the inflexible, pre-equitable distribution rule prohibiting discovery as to fault in matrimonial actions. In lieu of such a generic restriction on disclosure, we favor a flexible approach by which the issue would be considered on a case-by-case basis and granted in exceptional circumstances (see *Maxwell v Maxwell,* 88 Misc 2d 535, 537-538; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:15, pp 18-20, and Supplementary Practice Commentaries in succeeding years, advocating a more flexible approach to disclosure in matrimonial actions). Adoption of this approach instead of a blanket denial of such discovery would take into account that in equitable distribution actions, as in other cases, broad disclosure may be essential for proper preparation and the conduct of an orderly trial (cf. *Rubin v Rubin,* 87 AD2d 587). At this juncture, no overriding reason appears to exclude matrimonial actions from the general disclosure rules. The statutory directive entitles a party to "full disclosure of all evidence material and necessary in the prosecution or defense of an action" (CPLR 3101, subd [a], par [1]). As in other actions, the operative standard should be "usefulness and reason", with the words " 'material and necessary' * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406.) Recent decisions in this department have recognized that in matrimonial actions, there must be compliance with appropriate CPLR procedures, including those dealing with the degree of specificity required in a notice for discovery and inspection. Thus, in *Mari v Strater* (91 AD2d 579), we held that marital parties must adhere to the approved practice of proceeding by oral examination to ascertain the existence of identifiable documents as an aid in framing a notice to produce which designates the documents with required particularity. In *Pomeranz v Pomeranz* (99 AD2d 407) applying the statutory standard contained in CPLR 3103 (subd [a]), we sustained Special Term's exercise of discretion in imposing a six-year limit on discovery of financial records, concluding that it would be burdensome initially to direct production of all financial records over the 35-year marriage. Applying here these general principles and the trend evinced by these cases, we fail to perceive the overriding concern of the majority in automatically prohibiting any discovery on the fault issues which may be relevant and material to the financial aspects of the case, including equitable distribution. ¶ Contrary to the argument offered by respondent, marital fault is a factor to be considered in fixing maintenance as well as in determining equitable distribution. In *Krivitzky v Krivitzky* (94 AD2d 655), we found fault to be an important and relevant consideration in awarding *pendente lite* maintenance. There have also been Special Term decisions which have found fault to be a pertinent factor (see *Kobylack v Kobylack,* 110 Misc 2d 402, 408, mod on other grounds 96 AD2d 831; *Giannola v Giannola,* 109 Misc 2d 985, 987). Consideration of fault as a factor, both with respect to maintenance and equitable distribution, is required by the statute, which permits the court to consider "any other factor which the court shall expressly find to be just and proper." (Domestic Relations Law, § 236, part B, subd 5, par d, cl [10]; subd 6, par a, cl [10].) The Legislature, in enumerating the factors to be considered, did not ascribe any particular weight to be given to any one element. Accordingly, in a proper case, appropriate consideration may be given to marital fault under this "catch-all" factor.

¶ The recent decision of the Appellate Division, Second Department, in *Blickstein v Blickstein* (99 AD2d 287) held (p 292) "as a general rule," marital fault "is not * * * a relevant consideration in the equitable distribution of marital property" (p 287). The court, however, expressly did not pass upon the relevance of fault in determining maintenance since there no application for maintenance was made. Of some significance in *Blickstein* was that the fault alleged was an uncontested abandonment by the husband, who reserved the right to contest the financial aspects of the case. The trial court had denied the husband any equitable distribution, finding that such fault required a full deprivation of his rights. It further declared that, but for such fault, he would be entitled to 40% of the marital assets. Although fault is a factor under the "catch-all", the statute does not authorize the forfeiture of all rights to marital assets in this fact pattern. Palpably, this was of grave concern to the Second Department. The court did recognize (p 292) that, in certain situations, fault may be considered: "This is not to deny, however, that there will be cases in which marital fault, by virtue of its extraordinary nature, *becomes relevant and should be considered.*" (Emphasis added.) It further noted (p 292) there may be cases where the "marital misconduct is so egregious or uncivilized as to bespeak of a blatant disregard of the marital relationship — misconduct that 'shocks the conscience' of the court thereby compelling it to invoke its equitable power to do justice between the parties." ¶ This is such a case. If established, the wife's alleged flagrant conduct of extraordinary and lurid sexual and drug activities, including making sexual propositions for money to the husband's business associates and to the couple's male friends, would be most egregious. *Blickstein,* which is limited in scope, considers the fact that in exceptional cases, like ours, fault might be a real consideration under the "catch-all" factor. Of course, *Blickstein* did not involve discovery. In any event, on general principles, the role of fault should be a more significant factor in equitable distribution which does recognize the roles the parties have played in the past in building their marital assets. On the other hand, in considering maintenance, which deals with the future, fault should play some role dependent upon the circumstances. ¶ We have in the past noted that the advent of equitable distribution has required some departure from the usual legal principles applicable to matrimonial actions. (See *Oberstein v Oberstein,* 93 AD2d 374.) Similarly, in our case, the legislative standard making marital fault a factor should enable the parties to have relevant discovery on that issue. The position of the majority as applied to this case defeats the legislative purpose, thwarts appropriate and relevant pretrial preparation and may obstruct the orderly and efficient conduct of the trial. ¶ Prior to equitable distribution, the Fourth Department permitted discovery as to marital fault (*Bloom v Bloom,* 52 AD2d 1030, 1031), subject, of course, to exclusion of any privileged matter (*Dunlap v Dunlap,* 34 AD2d 889; CPLR 4502). While this department has not followed this practice in the past, the new law calls for a liberalized approach, permitting discovery on a case-by-case basis. This standard was suggested by Justice Gibson in *Maxwell v Maxwell* (88 Misc 2d, at pp 537-538). ¶ On this record, replete with accusations of marital misconduct and infidelity by both sides, it is clear that this is an exceptional case and that the considerations which influenced our determination in *Hunter v Hunter* (*supra*) are not present here. In that case, Justice Presiding Breitel, writing for this court, found that in matrimonial actions, "the pretrial examination too often becomes an exacerbating circumstance * * * may unduly prevent the reconciliation of the parties or, even if reconciliation is not likely, make future relationships, which must persist despite separation, unnecessarily bad." (10 AD2d, at p 294.) ¶ In our case, at least on this record, reconciliation is apparently impossible and, with charges and cross charges of cruelty and

adultery, including those involving the wife's attorney, it is difficult to conceive how the relationship could become worse. Clearly, this is an "exceptional" case. There is no reasonable basis to conclude that the parties are reconcilable or that disclosure will further exacerbate a very bad situation. Since the trial court has the grave responsibility of deciding maintenance, distribution of marital assets and custody of the infant children, marital fault may be critical in the efficient disposition of the action. Therefore, the denial of disclosure on the issue was an abuse of discretion. ¶ Accordingly, the order, Supreme Court, New York County (Hortense Gabel, J.), entered July 7, 1983, should be reversed, the motion granted and plaintiff directed to appear for a further oral examination relating to the fault allegations in the action.

Kupferman, J. (concurring in partial dissent). I am in substantial concurrence with the dissent by my colleague, Kassal, J. However, I believe another view should be presented. ¶ Inasmuch as both parties seek a divorce for cruel and inhuman treatment, it would appear that, at the very least, a dual divorce should be granted. (See 1 Foster-Freed, Law and the Family, 1983 Cum Supp, § 6:27A [Dual Divorce]; *John W. S. v Jeanne F. S.*, 48 AD2d 30; *Belandres v Belandres,* 58 AD2d 63; *Lischynsky v Lischynsky,* 95 AD2d 111; *Patrizio v Patrizio,* 96 AD2d 1149.) ¶ Accordingly, the question of fault comes into play only with respect to economic issues and not necessarily with respect to the divorce itself. Under the Equitable Distribution Law (Domestic Relations Law, § 236, part B) there is a whole new approach to the problem. While I do not think that the old cases with respect to the restrictive approach to discovery have application, they are in any event irrelevant on the issue now before us.