■ In the Matter of DEPARTMENT OF SOCIAL SERVICES on Behalf of JEAN C. WRIGHT, Respondent, v WALLACE WRIGHT, Appellant.—Appeal from so much of an order of the Family Court, Nassau County (Collins, J.), dated April 24, 1984, as fixed arrears for support owed by appellant to the Department of Social Services in the amount of $1,200.

Order affirmed insofar as appealed from, with costs.

On this appeal, Wallace Wright challenges the propriety of so much of an order of the Family Court as determined that he owed to the Nassau County Department of Social Services the sum of $1,200 in arrears for the support of his former wife

and their child. We are unpersuaded by appellant's argument that the Family Court violated the "law of the case" by modifying a prior support order of the same court, effective May 15, 1972. It is axiomatic that the Family Court has continuing jurisdiction to "modify, set aside or vacate any order issued in the course of" a support proceeding (Family Ct Act § 451). Moreover, appellant has failed to establish that the Department of Social Services is guilty of laches. It is true that the department delayed several years in seeking to enforce the support order. However, while such delay is a factor to be considered in a motion to cancel arrears (*Kaplan v Kaplan* 75 AD2d 885), it is well settled that "mere delay is not enough" to establish the defense of laches (*Righter v Righter,* 44 AD2d 669). Moreover, it appears from the record before this court that at least part of the delay complained of is directly attributable to appellant's four-year absence from the State. The fact that appellant could not be located during this time period militates against a cancellation of arrears based upon the delay in seeking enforcement (*see, Matter of Connors v Connors,* 103 Misc 2d 288). In any event, appellant has failed to establish that he would suffer any prejudice as a result of such belated enforcement.

Appellant's further contention that certain statements made in court by the attorneys for Nassau County and the Department of Social Services constituted a stipulation or agreement limiting the recovery of arrears to $360 is likewise unpersuasive. The record of discussion among the attorneys before the Family Court clearly shows that appellant's counsel never agreed to a definite amount of arrears, but stated to the court that he was still in the process of negotiating. In response, the court declined to have a formal stipulation put on the record. This being the case, appellant can hardly claim that a stipulation or agreement was reached in court. We have examined the remaining contentions of the appellant and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.