■ ROBERT B. ARMITAGE, Appellant, v SHANNON B. ARMITAGE, Respondent.—Order unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff husband appeals from so much of an order of Matrimonial Special Term as, *inter alia,* temporarily directed him to pay defendant wife maintenance of $175 per week, child support of $200 per week, all costs of maintaining the marital residence, plus all current and outstanding debts and credit card bills. We have repeatedly held that the remedy for any claimed inequity in awards of temporary alimony, child support or maintenance is a speedy trial where the respective finances of the parties can be properly ascertained and a permanent award may be made on the evidence *(Williams v Williams,* 105 AD2d 1160; *Pleto v Pleto,* 98 AD2d 994). While not deviating from this strong policy, it was improvident to direct plaintiff to pay all future credit card charges. The order is therefore modified to delete such direction with respect to all charges incurred subsequent to the date of the order to be entered hereon.

We do not find the notice to produce to be overly broad. CPLR 3101 (a) requires full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof. We perceive no rational basis for requiring less than full disclosure in matrimonial actions *(Lemke v Lemke,* 100 AD2d 735). (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—temporary maintenance and support; disclosure.) Present—Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.