■ MARION TALLERING, Appellant, v BARRY TALLERING, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated January 10, 1986, as, upon reargument of the defendant's motion for a protective order limiting discovery and the plaintiff's cross motion to compel disclosure of the finances of Tartan Oil Corp., for the years commencing January 1, 1984, which were determined by an order of the same court, dated May 10, 1985, granted the motion and denied the cross motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the cross motion is granted, and the defendant is directed to provide the plaintiff with responses to the plaintiff's supplemental notice for discovery and inspection dated September 14, 1984 with respect to all items for which the plaintiff has not yet received responses, including those items pertaining to the finances of Tartan Oil Corp. for the years commencing January 1, 1984, and the additional disclosure demands made by the plaintiff at the conference in the matter held on April 30, 1985; the defendant's time to make such disclosure is extended until 90 days after service upon him of a copy of this decision and order, with notice of entry.

The issue before this court is the extent to which the plaintiff can compel the defendant to provide disclosure of the finances of Tartan Oil Corp. (hereinafter Tartan), a closely held corporation which operates gasoline stations and in which the defendant owns a controlling interest. The defendant contends that for the purposes of equitable distribution, Tartan is to be valued as of the date of the commencement of this action, March 17, 1981, and that the plaintiff is therefore not entitled to discovery of the finances after that date.

In view of the policy favoring full financial disclosure in equitable distribution actions *(see, Litman v Litman,* 123 AD2d 310), the difficulties of evaluating a closely held corpora-

tion *(cf., Kaye v Kaye,* 102 AD2d 682), and the length of time this action has been pending, and in order for the court to determine the proper valuation date for Tartan *(see, Wegman v Wegman,* 123 AD2d 220, *remittitur amended* 123 AD2d 238), the plaintiff is entitled to disclosure of the finances of Tartan up to the present time. The parties are directed to proceed to trial after completion of discovery. No further disclosure is to be sought or granted.

We reach no other issue. Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.