■ THOMAS SANFORD, Respondent, v JOAN SANFORD, Appellant.—In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated August 13, 1987, as (1) granted the plaintiff's motion for a protective order limiting disclosure of his financial assets to the period between April 12, 1980 and December 31, 1984, (2) denied her cross motion to compel discovery for periods outside these dates, and (3) set the valuation date of certain real property as of the date of the commencement of this action.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provisions thereof which limited discovery with respect to certain real property located in Beekman, N. Y., MacIntosh Farms and the San-Hart partnership, to the period between April 12, 1980 and December 31, 1984, and substituting therefor a provision denying the plaintiff's motion for a protective order precluding discovery with respect to these properties after the date of commencement of this action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties executed a prenuptial agreement on April 12, 1980, one day prior to their marriage. The agreement provided that upon dissolution of the marriage, the respondent would be entitled to 50% of the increase in value of the appellant's net estate valued at $832,000. The agreement also provided a formula for the distribution of a marital residence the parties intended to purchase and a statement that the agreement did not represent "every future circumstance as may arise during the course of the contemplated marriage". After their marriage the parties' purchased property known as MacIntosh Farms (hereinafter the farm) and certain undeveloped land in Beekman, N. Y. (hereinafter the Beekman properties). The parties resided in a house located on the farm for most of the time they were married, until the commencement of the instant divorce action by service of the summons and complaint on August 30, 1984.

We initially note the question of what constitutes marital

property is a question of fact to be determined in the first instance by the trial court *(see, Majauskas v Majauskas,* 61 NY2d 481, 494). As such, this court declines to make the determination of whether the Beekman properties or the farm constitute marital property subject to equitable distribution, or whether they are to be considered solely under the prenuptial agreement. We also decline to decide whether the farm was the "marital residence" referred to in the prenuptial agreement.

We find that the court did not err in deeming the valuation date of the Beekman properties and the farm to be the date of commencement of the instant action *(see, Bofford v Bofford,* 117 AD2d 643; *Bara v Bara,* 115 AD2d 628). "[T]here can be no strict rule mandating the use of a particular valuation date and * * * a trial court must have the discretion to select a date appropriate to the case before it in light of the particular circumstances presented" *(see, Wegman v Wegman,* 123 AD2d 220, 234).

However, we note that the determination of a valuation date does not preclude discovery for periods after that date for the purpose of establishing the true worth of the assets *(see, Lee v Lee,* 93 AD2d 221, 226). Since full disclosure is warranted of all evidence "material and necessary" in determining these issues *(see, Armitage v Armitage,* 115 AD2d 945) and discovery regarding these properties after the commencement of the instant action may be relevant to the valuation of that property, we find that the court should have denied that branch of the plaintiff's motion which was to preclude discovery regarding the Beekman properties and the farm after the date of commencement of this action.

Lastly, we find that since the San-Hart partnership is the actual owner of MacIntosh Farms and since the plaintiff has a two-thirds interest in that partnership, the court also erred in limiting discovery of the partnership's finances to a period before August 30, 1984. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.