■ MARIANNE ROSNER, Respondent, v ANDREW ROSNER, Appellant. [900 NYS2d 917]—In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Brown, J.), dated December 18, 2008, which denied his motion to vacate an order of the same court dated April 24, 2008, appointing Cary David Kessler, Esq., as referee, to supervise discovery.

relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated December 12, 2008, as granted that branch of his motion pursuant to CPLR 3101, 3124, and 3126 which was to compel financial discovery from the plaintiff up until the time of trial only to the extent of directing the neutral forensic evaluator, David Gresen, to conduct an evaluation of a business entity known as Napoli Marble and Granite for the period from June 28, 2006, to December 12, 2008, and otherwise denied that branch of the motion, and denied those branches of his motion which were for leave to obtain discovery of certain financial records and documents from third parties up until the time of trial and to compel disclosure of unredacted records.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to compel the plaintiff to provide him with financial discovery up until the time of trial, but only to the extent of directing the neutral forensic evaluator, David Gresen, to conduct an evaluation of Napoli Marble and Granite, the plaintiff's business, for the period from June 28, 2006, to December 12, 2008 (*see Sanford v Sanford,* 146 AD2d 622 [1989]; *Tallering v Tallering,* 129 AD2d 696 [1987]). Moreover, the Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were for leave to obtain discovery of certain financial records and documents from third parties up until the time of trial and to compel discovery of certain unredacted records (*see Provident Life & Cas. Ins. Co. v Brittenham,* 284 AD2d 518 [2001]; *Dunsmore v Paprin,* 114 AD2d 836, 837 [1985]).

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.