■ JOAN WEXLER, Respondent, v MARTIN WEXLER, Appellant. —Order of the Supreme Court, New York County (Phyllis B. Gangel-Jacob, J.), entered on or about January 3, 1990, which granted the plaintiff pendente lite maintenance and child support, counsel fees and other monetary awards, unanimously affirmed, without costs.

The plaintiff (wife) and defendant (husband) were married in 1971, and have two children, aged 13 and 11. They have not been living together since 1983, and attempts at reconciliation have not been successful. During the period of separation, the defendant has made voluntary support payments for his wife and children in amounts which he claims approximated $80,000 per year, and which the plaintiff claims was considerably

more. At the time the plaintiff moved to have the court set pendente lite maintenance and child support, the plaintiff was a housewife with no earned income, approximately $20,000 in annual unearned income, and $270,000 in liquid assets. The defendant had income of over $3 million per year and has a net worth in excess of $4 million.

After considering the factors set forth in Domestic Relations Law § 236 (B) (6) and (7), the court set temporary maintenance in the amount of $1,300 per week and child support of $425 per week. We find these amounts to be reasonable under the circumstances. We also find that the award of $20,000 in counsel fees was a proper exercise of the court's discretion in light of the litigation history of this case and the parties' disparate financial situations. That the plaintiff has money of her own is not an automatic bar to an award of counsel fees; it is only one factor to be taken into consideration with all others, including the defendant's financial position *(Stern v Stern,* 67 AD2d 253, 256; *see also, DeCabrera v Cabrera-Rosete,* 70 NY2d 879). Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.