■ JUDITH LINK, Respondent, v JEROME E. LINK, Appellant. [608 NYS2d 75] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered on or about August 10, 1993, which awarded plaintiff temporary maintenance of $4,028 a month, and counsel fees of $20,000, directed defendant to temporarily continue all life insurance policies naming plaintiff as beneficiary, and denied defendant's cross-motion to compel discovery of plaintiff's 1985 income tax returns and other premarital documents, unanimously affirmed, without costs.

The court did not abuse its discretion and properly considered the relevant factors (Domestic Relations Law § 236 [B] [6] [a]) in awarding interim maintenance that would permit plaintiff "to be maintained at the standard to which she has become accustomed during the course of the marriage" *(Tregellas v Tregellas,* 169 AD2d 553). In order to ensure this maintenance, it was also proper to require continuation of all

life insurance during the pendency of this action (Domestic Relations Law § 236 [B] [8] [a]). Any inequity in the award is best remedied through a speedy trial *(Sayer v Sayer,* 130 AD2d 407). Indigency is not a prerequisite to an award of counsel fees, which was here properly based upon the financial circumstances of the parties and the particulars of the case (Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879). Finally, under the circumstances, the court properly denied disclosure of documents predating the marriage. Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.