■ BARBARA BERGSTEIN, Respondent, v DANIEL BERGSTEIN Appellant. BARBARA BERGSTEIN, Respondent, v DANIEL BERGSTEIN, Appellant. SAMUEL D. ROSEN, Intervenor-Appellant. [615 NYS2d 382] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered August 5, 1993, which, *inter alia,* directed defendant to pay plaintiff's counsel fees in the amount of $15,000 and denied defendant's motion for downward modification or vacatur of a prior order of temporary maintenance; order, same court and Justice, entered January 6, 1994, which, *inter alia,* denied another motion by defendant to vacate or modify the prior order of temporary maintenance; order, same court and Justice, entered January 21, 1994, which, *inter alia,* precluded defendant from taking deposition testimony respecting claimed misconduct by plaintiff and her attorney in not disclosing $17,000 in currency on plaintiff's Net Worth Statement and the payment of attorneys' fees by plaintiff's parents; and order, same court and Justice, entered February 25, 1994, which denied defendant's motion to reargue the order of January 6, 1994, and granted plaintiff's cross-motion for sanctions to the extent of directing defendant's attorney to pay $1,000 to the Lawyers' Fund for Client Protection as a sanction for frivolous motion practice, unanimously affirmed, without costs.

We agree with the IAS Court that in this action for divorce, maintenance and equitable distribution, the claimed inequities in a temporary maintenance order that defendant asserts are due to changed circumstances should be resolved by a prompt trial *(Jose R. D. v Elisabeth R. D.,* 197 AD2d 457). Plaintiff's alleged possession of sufficient funds to pay a portion of her outstanding attorneys' fees did not preclude the award of interim counsel fees, the court's exercise of discretion in this respect not being dependent upon a showing of indigency

*(Link v Link,* 200 AD2d 382), and the court properly severed plaintiff's application for attorneys' fees for a final determination after trial. The sanction imposed on defendant's attorney was appropriate in view of his repetitive and vexatious motion practice, apparently engaged in for the purpose of harassing plaintiff, her counsel and family, and delaying the proceedings *(see, Corto v Lefrak,* 203 AD2d 94). Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Nardelli, JJ.