■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [623 NYS2d 576] —Order, Supreme Court, New York County (David Saxe, J.), entered December 30, 1993, which, to the extent appealed from, directed defendant to pay $60,000 in counsel fees, unanimously affirmed, without costs.

Although the court has already rendered a ruling equitably dividing the marital assets, defendant has moved for a downward modification of that distribution on the basis of his alleged subsequent termination as a partner of the law firm of which he had been a member, an application to which plaintiff must respond. The matter should be resolved by a prompt trial (Bergstein v Bergstein, 207 AD2d 285). The fact that plaintiff may be in possession of sufficient funds to pay her attorneys does not preclude an award of interim counsel fees, the court's exercise of discretion in this respect not being contingent upon a showing of indigency (supra.).

As this Court explained in Wexler v Wexler (162 AD2d 326, 327), "[t]hat the plaintiff has money of her own is not an automatic bar to an award of counsel fees; it is only one factor to be taken into consideration with all others, including the defendant's financial position." Since it is defendant who is requesting a modification, and he is the one with access to the

bulk of the couple's marital assets, the court was within its discretion in awarding interim attorneys' fees to plaintiff *(see, King v King,* 183 AD2d 479). Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarrelli, JJ.