■ LA VERNE J. LEMKE, Respondent, v JANICE R. LEMKE, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term ordered that the examinations before trial of the parties in this divorce action be limited to financial matters and matters of equitable distribution. The only issue presented on defendant's appeal is whether she is entitled to a pretrial deposition of plaintiff upon the merits of his cause of action based upon cruel and inhuman treatment. ¶ CPLR 3101 requires full disclosure by a party of all evidence material and necessary in the prosecution or defense of an action. In

light of the many recent changes in the Domestic Relations Law, we perceive no rational basis for requiring less than full disclosure in matrimonial actions (see Siegel, 1972 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1983-1984 Pocket Part, CPLR C3101:15, p 21). Indeed, we have previously authorized pretrial merits disclosure in such actions (see *Bloom v Bloom*, 52 AD2d 1030; *Dunlap v Dunlap*, 34 AD2d 889; but cf. *Billet v Billet*, 53 AD2d 564). The provisions of CPLR 3103 are adequate to ensure that a disclosure device will not be abused. (Appeal from order of Supreme Court, Erie County, Kuszynski, J. — examination before trial.) Present — Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.