■ PATRICIA A. LESTRANGE, Appellant-Respondent, v GEORGE J. LESTRANGE, Respondent-Appellant.—In an action for divorce and ancillary relief, (1) the plaintiff wife appeals from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), dated October 16, 1986, as, *inter alia,* granted to the defendant husband the right to purchase the marital dwelling and any or all of certain parcels of real property owned by the parties at the value set by the court, and (2) the defendant husband cross-appeals from so much of the same judgment as (a) awarded pendente lite maintenance arrears to the plaintiff wife, (b) evaluated the various pieces of real property owned jointly by the parties, (c) failed to award him child support, and (d) distributed the marital assets.

Ordered that the plaintiff wife's appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.

The parties were married for approximately 27 years and five children were born of the marriage. Over the years, the parties acquired several homes which they rented. The wife made both economic and noneconomic contributions to the marital relationship, as well as to the purchasing and maintaining of the houses. In view of her contributions, she is

entitled to an equal share of the marital assets *(see, Ahrend v Ahrend,* 123 AD2d 731). The fact that she was involved in an adulterous relationship does not rise to the level of such egregious or uncivilized conduct as to warrant depriving her of an equal share of the marital assets *(see, Rosenberg v Rosenberg,* 126 AD2d 537, *lv denied* 70 NY2d 601; *Blickstein v Blickstein,* 99 AD2d 287, *appeal dismissed* 62 NY2d 802). Accordingly, we find that the trial court correctly determined that the various pieces of property owned jointly by the parties should be sold and the proceeds shared equally by them.

We further find that it was within the court's discretion to use the date of trial of the equitable distribution issues as the valuation date for the various parcels of property *(see, Wegman v Wegman,* 123 AD2d 220). Despite the husband's contention to the contrary, the trial did not end when his motion for a judgment of divorce was granted. Rather, the trial terminated after the court-appointed appraiser testified and the issues regarding the value of the parties' realty were fully explored. Similarly, the court did not improvidently exercise its discretion in accepting the values to which the court-appointed appraiser testified.

We further find that the husband failed to sustain his burden of proving that the wife was receiving financial support from her paramour at the time she was awarded pendente lite maintenance. Moreover, inasmuch as the husband stipulated on the record in open court that he would pay the arrears under the pendente lite order in exchange for the right to retain all of the income derived from the rental properties, and inasmuch as the wife was able to establish her financial need, the husband is not entitled to a credit for moneys he paid pursuant to the temporary maintenance order *(see, Sass v Sass,* 129 AD2d 622; *Harrington v Harrington,* 103 AD2d 356).

Additionally, we find unpersuasive the husband's contention that the court erred in failing to order the wife to pay child support. The record demonstrates that the husband failed to pursue his request for child support and did not adduce evidence regarding the needs of the parties' infant issue at any point. Furthermore, we do not find that remittal of the issue to the Supreme Court is warranted under the circumstances.

We have examined the husband's remaining contentions and find them to be without merit. Bracken, J. P., Spatt, Sullivan and Harwood, JJ., concur.