■ BARBARA B. BRIER, Respondent, v ROBERT BRIER, Appellant.—Judgment, Supreme Court, Bronx County (Anita Florio, J.), entered November 13, 1989, which, inter alia, awarded plaintiff-wife a portion of defendant-husband's pension rights, unanimously modified to the extent of vacating the award of an interest in said pension and otherwise affirmed, without costs. The appeal from the order of said court, entered June 29, 1989, is dismissed as subsumed in the aforesaid judgment. Order of said court, entered October 10, 1989, which, inter alia denied husband's motion to modify the prior decision and to order a new trial, unanimously affirmed, without costs.

The parties were married in 1970 and have one child of the marriage, a 12 year old son. Defendant, who has two emancipated daughters from a previous marriage moved out of the marital home in July, 1983 and earns $34,500 a year, while plaintiff, presently earns $29,500. Prior to the commencement of the divorce action, defendant withdrew the money from his

pension fund and bought a cooperative apartment with his friend, Milton Robin.

The trial court appointed a clinical psychologist to evaluate the family. The court agreed with the psychologist who had recommended that the joint custody arrangements which had been worked out by the parties should continue and awarded plaintiff $125 a week for child support. The plaintiff waived maintenance and defendant was ordered to pay arrears of $7,375, dating back from the last trial date of June 13, 1988.

On the appeal, defendant challenges the equitable distribution of the cooperative apartment. This apartment was purchased with the defendant's pension money which predominantly accumulated during the marriage and thus was properly considered marital property. The evidence establishes that defendant owns a 50% share in that co-op, the most recent value of which was $175,000 diminished by an outstanding mortgage obligation of $15,000. Accordingly, defendant's equity in the co-op is $80,000, of which plaintiff was properly awarded half. (Domestic Relations Law § 236 [B] [5] [d].) There is insufficient evidence to establish, as defendant urges, that the parties orally agreed to waive claims to each other's property. Moreover, as the rise in value of the co-op was due to market conditions, the trial court properly used the most recent date of valuation. *(See, e.g., Lestrange v Lestrange, 148 AD2d 587.)*

The trial court also awarded plaintiff a proportion of defendant's future pension pursuant to the decision of *Majauskas v Majauskas* (61 NY2d 481). Since the co-op was purchased with the pension funds which had accumulated mainly during the parties' marriage, and since the co-op was equitably distributed between the parties, there was no basis to award the plaintiff any further interest in defendant's pension.

In conclusion, we find that the evidence clearly establishes that defendant unjustifiably left the marital residence with no intention of returning. *(See, Bazant v Bazant, 80 AD2d 310; Belandres v Belandres, 58 AD2d 63; Del Galdo v Del Galdo, 51 AD2d 741.)*

We have considered appellant's other claims and find them to be without merit. Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.