■ LEONARD NEWTON, Appellant, v KIMBERLY NEWTON, Respondent. [667 NYS2d 778] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 21, 1996 in Cortland County, upon a decision of the court.

Plaintiff and defendant were married on May 30, 1982. At the time of the marriage, plaintiff was just completing his medical residency as an ear, nose and throat physician and defendant was working as an audiologist. After briefly living in Pittsfield, Massachusetts, the parties moved in September 1983 to the City of Cortland, Cortland County, where plaintiff established his own medical practice. Defendant worked as an audiologist for the practice and performed certain bookkeeping duties.

In 1992, plaintiff decided to move his medical practice to the City of Ithaca, Tompkins County. Instead of renting office space, plaintiff and defendant purchased land and had a new office building designed and constructed by an architect. After completion, plaintiff operated his practice from that location. In July 1994, the parties purchased a duplex in Ithaca where plaintiff stayed when he had early morning surgeries. In the fall, plaintiff learned of defendant's extramarital affair with the architect and permanently moved into the duplex.

Thereafter, plaintiff commenced this action for divorce upon the ground of cruel and inhuman treatment. Following a nonjury trial, Supreme Court granted a divorce to plaintiff based upon defendant's adultery and ordered equitable distribution of the parties' marital property. Pursuant to the terms of the judgment, the court, *inter alia*, awarded defendant 25% ($66,018) of the value of plaintiff's medical practice ($264,072), maintenance (nondeductible) in the amount of $25,000 per year for two years and $45,000 for a third year, as well as up to $20,000 per year for defendant's educational expenses for a period of two years. Counsel fees of $7,270 were also awarded. Plaintiff appeals.

Initially, we reject plaintiff's contention that Supreme Court erred in awarding 25% of plaintiff's medical practice to defen-

dant. The evidence adduced at trial established that defendant participated in plaintiff's medical practice providing services as an audiologist from its inception in 1983. In addition, defendant was responsible for handling the majority of the bookkeeping duties within the business. She received a salary of $30,000 per year. Although defendant worked fewer hours in the office as the practice became more established, she was also involved in charitable work and planned the parties' social calendar, activities which were indirectly connected to the practice. In addition, she assisted in the planning and construction of the new office building in Ithaca. Defendant continued her involvement in the practice until December 1994 when plaintiff terminated her services.

Inasmuch as plaintiff's practice was established during the course of the parties' marriage (*see*, Domestic Relations Law § 236 [B] [1] [c]; *Miness v Miness*, 229 AD2d 520, 521) and defendant directly contributed to its appreciation in value (*see*, Domestic Relations Law § 236 [B] [5] [d] [6]; *Vail-Beserini v Beserini*, 237 AD2d 658, 660; *see also*, *Sarafian v Sarafian*, 140 AD2d 801, 805), we conclude that the practice is a marital asset to which defendant is entitled to an equitable share. We further find that the 25% distributive award was not an abuse of discretion given the nature and extent of her contributions. We reject plaintiff's claim that defendant's share should be reduced or eliminated because defendant committed adultery and allegedly caused a substantial amount of the parties' funds to be diverted to the architect in the form of cost overruns. The architect testified that the cost overruns were largely attributable to defendant's selection of expensive materials. In any event, these overruns were disputed by both plaintiff and defendant and resulted in the architect's filing of a mechanic's lien. Under all these circumstances we cannot say that defendant engaged in the wasteful dissipation of assets (*see*, Domestic Relations Law § 236 [B] [5] [d] [11]; *compare*, *Hansen v Hansen*, 207 AD2d 824; *Southwick v Southwick*, 202 AD2d 996, 997, *lv dismissed* 83 NY2d 1000). Furthermore, we find that her marital fault was not so egregious as to affect her equitable share of the business (*see*, *O'Brien v O'Brien*, 66 NY2d 576, 589-590; *Lestrange v Lestrange*, 148 AD2d 587, 588; *Hopper v Hopper*, 103 AD2d 911, 912).

Likewise, we find no abuse of discretion in the amount of Supreme Court's award of maintenance. When the parties married, their incomes were roughly equivalent, with plaintiff earning approximately $25,000 and defendant approximately $20,000. At the time the divorce action was commenced,

however, plaintiff's income had grown significantly in comparison to defendant's. Plaintiff was drawing a salary of $120,000 from the practice which, when combined with his year-end bonus, brought his income in 1994 to over $340,000. Defendant was earning approximately $30,000. Moreover, the parties had accumulated assets valued at $1,153,014 during the course of the marriage, which the court divided equally between them. Both parties testified to the lavish lifestyle they enjoyed during the marriage and stated that money was never an obstacle to things they wished to do or buy.

"Consideration of the predivorce standard of living is an essential component of evaluating and properly determining the duration and amount of the maintenance award to be accorded a spouse" (*Hartog v Hartog*, 85 NY2d 36, 50-51 [citations omitted]; *see*, Domestic Relations Law § 236 [B] [6] [a]). Here, the predivorce standard of living clearly supports the amount and duration of the maintenance award. The award is further supported by Supreme Court's consideration of defendant's future earning capacity (*see*, Domestic Relations Law § 236 [B] [6] [a] [3]). On this issue, one expert testified that defendant's skills in audiology were limited due to the reduction in her hours in recent years. He stated that her future earning capacity would be enhanced by obtaining an advanced degree in speech pathology that would cost approximately $40,000 and take 18 to 24 months to complete. This testimony provides support for the court's inclusion in the maintenance award of the payment of defendant's educational expenses, up to $20,000 per year, for two years. Accordingly, we find that Supreme Court's maintenance award was appropriate (*see, e.g.*, *Pejo v Pejo*, 213 AD2d 918, *lv denied* 85 NY2d 811; *Basile v Basile*, 199 AD2d 649, 650-651).

In reference to plaintiff's argument that an award of maintenance must be tax deductible, we note that the definition of maintenance under New York law contains no such requirement (*see*, Domestic Relations Law § 236 [B] [1] [a]; *see generally*, *Lolli-Ghetti v Lolli-Ghetti*, 165 AD2d 426, 434, *lv denied* 78 NY2d 864). On the other hand, plaintiff is correct in his contention that Supreme Court erred by not providing that the maintenance shall terminate upon the death of either party or defendant's remarriage (*see*, Domestic Relations Law § 236 [B] [6] [c]) and, therefore, the judgment shall be modified accordingly.

We further agree with plaintiff's contention with respect to Supreme Court's award of counsel fees. "[I]n exercising its discretionary power to award counsel fees, a court should

review the financial circumstances of both parties together with all the other circumstances of the case" (*De Cabrera v Cabrera-Rosete*, 70 NY2d 879, 881). "One of the financial circumstances to be considered is the nature of the marital property distribution" (*Richards v Richards*, 189 AD2d 1025, 1026). Based upon our review of the court's decision, it does not appear that it considered the substantial distributive award, amounting to $576,507, received by defendant when it awarded counsel fees. Given the liquidity of the assets comprising a large portion of the award, defendant had sufficient funds to pay her own counsel fees. Accordingly, that portion of Supreme Court's order awarding her counsel fees must be stricken (*see, id.*, at 1026-1027; *Garges v Garges*, 175 AD2d 511, 513). Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Mercure, Crew III, White and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded defendant counsel fees in the amount of $7,270; it is directed that the award of maintenance to defendant shall terminate upon the death of either party or upon defendant's remarriage; and, as so modified, affirmed.