■ Avraham Levi, Appellant, v Sigal Levi, Respondent. [848 NYS2d 225]—

In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated November 28, 2005, which, upon a decision of the same court dated September 21, 2005, made after a nonjury trial, inter alia, awarded the defendant a 100% share of the marital residence.

Ordered that the judgment is affirmed, with costs.

Married in Israel in December 1985, the plaintiff and the defendant have five children in this long-term marriage. Marital difficulties eventually ensued, prompting the plaintiff to commence this action for a divorce and ancillary relief by summons and verified complaint dated October 26, 2001. The parties originally appeared before a Justice of the Supreme Court, Kings

County (hereinafter the former Justice). The action terminated abruptly following allegations that the plaintiff attempted to bribe the former Justice for a favorable outcome. Subsequently, the former Justice and the plaintiff, among others, were arrested for their actions, and a mistrial was declared.

At a criminal proceeding on June 21, 2004 the plaintiff admitted that between November 20, 2002 and April 22, 2003, he conspired to bribe the former Justice in the pending divorce action, providing a $10,000 payment to influence a favorable outcome on his behalf.

Following a second trial, the Supreme Court, inter alia, equitably distributed the sole marital asset, the marital residence, entirely to the defendant. The court based this distribution, in part, on the egregious behavior of the plaintiff in attempting to bribe the former Justice to rule in his favor. We affirm.

The plaintiff's contention that the Justice who presided over the second trial erred in failing to recuse himself is without merit. "Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be lightly overturned [citations omitted]. 'Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion or where a clash in judicial roles is seen to exist' " (*Matter of Khan v Dolly*, 39 AD3d 649, 650-651 [2007], quoting *People v Alomar*, 93 NY2d 239, 246 [1999]). The plaintiff did not establish any basis requiring recusal in the instant case.

With respect to the merits, Domestic Relations Law § 236 (B) (5) (d) provides that marital fault may be taken into consideration pursuant to the statute's catchall provision, which allows consideration of "any other factor" which may be "just and proper" (*O'Brien v O'Brien*, 66 NY2d 576, 589 [1985]). "[T]he marital misconduct [must be] so egregious or uncivilized as to bespeak of a blatant disregard of the marital relationship— misconduct that 'shocks the conscience' of the court thereby compelling it to invoke its equitable power to do justice between the parties" (*Blickstein v Blickstein*, 99 AD2d 287, 292 [1984]; *see Havell v Islam*, 301 AD2d 339, 344 [2002]; *McMahan v McMahan*, 100 AD2d 826, 826-827 [1984]).

The plaintiff contends on appeal that, because he was suffering from a mental disease or defect, the Trial Justice erred in deeming his attempted bribery of the former Justice an egregious act. This contention is unpreserved for appellate review because it was not raised before the Supreme Court (*see Vingo v Rosner*, 29 AD3d 896 [2006]), and, in any event, the

plaintiff's claim is without merit. The plaintiff relied upon the report of a forensic expert to assert that he lacked the mental capacity to comprehend the nature or consequences of his conduct. Although the forensic expert opined that the plaintiff suffered from personality disorders that would benefit from "some level of treatment" because he appeared emotionally "stuck," the expert did not opine that the plaintiff lacked legal responsibility for his acts by reason of a mental disease or defect.

Moreover, the Supreme Court properly exercised its discretion in finding that the plaintiff's attempt to bribe the former Justice constituted egregious marital fault to be factored into the equitable distribution award in addition to other considerations (*see Havell v Islam*, 301 AD2d at 344; *Blickstein v Blickstein*, 99 AD2d at 292).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Krausman, Lifson and Balkin, JJ., concur.