[928 NE2d 399, 902 NYS2d 17]

Howard S., Appellant, v Lillian S., Respondent.

Argued March 24, 2010; decided April 29, 2010

**POINTS OF COUNSEL**

*Blank Rome, LLP,* New York City (*Jacqueline W. Silbermann, Donald Frank, Harris Cogan* and *Brett S. Ward* of counsel), for appellant. I. The current split in the Departments should be resolved in favor of applying the same discovery rules in matrimonial actions as is permitted in other civil proceedings. (*Armitage v Armitage,* 115 AD2d 945; *McMahan v McMahan,* 100 AD2d 826; *Ginsberg v Ginsberg,* 104 AD2d 482; *Hunter v Hunter,* 10 AD2d 291; *Plohn v Plohn,* 281 App Div 1056; *Pizzo v Pizzo,* 33 Misc 2d 1022; *Nomako v Ashton,* 20 AD2d 331; *Dunlap v Dunlap,* 34 AD2d 889; *Margulies v Margulies,* 52 AD2d 567; *Bloom v Bloom,* 52 AD2d 1030.) II. In upholding the trial court's decision, the First Department improperly restricted the doctrine of egregious fault in matrimonial actions breaking away from clearly established precedents of this Court and the Appellate Divisions. (*Blickstein v Blickstein,* 99 AD2d 287, 62 NY2d 802; *O'Brien v O'Brien,* 66 NY2d 576; *Havell v Islam,* 301 AD2d 339; *Brancoveanu v Brancoveanu,* 145 AD2d 395; *Levi v Levi,* 46 AD3d 520; *Bragar v Bragar,* 277 AD2d 136; *Farkas v Farkas,* 251 AD2d 4, 40 AD3d 207, 11 NY3d 300; *Barnaby v Barnaby,*

259 AD2d 870.) III. Defendant's conduct supports a claim for punitive damages. (*Ross v Louise Wise Servs., Inc.,* 8 NY3d 478; *Giblin v Murphy,* 73 NY2d 769; *Randi A. J. v Long Is. Surgi-Ctr.,* 46 AD3d 74; *Swersky v Dreyer & Traub,* 219 AD2d 321; *Nardelli v Stamberg,* 44 NY2d 500; *Kujek v Goldman,* 150 NY 176; *Strader v Ashley,* 61 AD3d 1244; *Schehr v McEvoy,* 43 AD3d 899; *Keen v Keen,* 124 AD2d 938; *Cameron v Aurora Assoc.,* 19 Misc 3d 1112[A], 2008 NY Slip Op 50667[U].) IV. Plaintiff's fraud claim may include damages for his child support obligations and loss of property interests. (*Lama Holding Co. v Smith Barney,* 88 NY2d 413; *Hanlon v Macfadden Publs.,* 302 NY 502; *Maharam v Maharam,* 123 AD2d 165; *Tuck v Tuck,* 14 NY2d 341; *Sargiss v Magarelli,* 12 NY3d 527; *Xiao Yang Chen v Fischer,* 6 NY3d 94; *Boronow v Boronow,* 71 NY2d 284; *Steitz v Gifford,* 280 NY 15; *Matter of Rothko,* 43 NY2d 305; *Matter of Shondel J. v Mark D.,* 7 NY3d 320.)

*Berkman Bottger & Rodd, LLP,* New York City (*Walter F. Bottger, Jacqueline Newman* and *Scott T. Horn* of counsel), for respondent. I. This Court should not disturb the rule against discovery of marital fault. (*McMahan v McMahan,* 100 AD2d 826; *Rubin v Rubin,* 73 AD2d 148; *Billet v Billet,* 53 AD2d 564; *Ginsberg v Ginsberg,* 104 AD2d 482; *Bill S. v Marilyn S.,* 8 Misc 3d 1013[A], 2005 NY Slip Op 51093[U]; *Nigro v Nigro,* 121 AD2d 833; *Semon v Saridis,* 125 AD2d 882; *Lemke v Lemke,* 100 AD2d 735; *Bloom v Bloom,* 52 AD2d 1030; *Bingham v New York City Tr. Auth.,* 99 NY2d 355.) II. The Appellate Division correctly denied discovery for "egregious" marital fault. (*Bragar v Bragar,* 277 AD2d 136; *Andon v 302-304 Mott St. Assoc.,* 94 NY2d 740; *Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp. of Am.],* 47 NY2d 914; *O'Brien v O'Brien,* 66 NY2d 576; *Farkas v Farkas,* 251 AD2d 4, 11 NY3d 300; *K. v B.,* 13 AD3d 12; *Matter of Maurice T. v Mark P.,* 23 AD3d 567; *Matter of Richard W. v Roberta Y.,* 240 AD2d 812; *Blickstein v Blickstein,* 99 AD2d 287; *McMahan v McMahan,* 100 AD2d 826.) III. There is no basis for an award of punitive damages. (*Fiesel v Nanuet Props. Corp.,* 125 AD2d 292; *Fox v Issler,* 77 AD2d 860; *Edison v Viva Intl.,* 70 AD2d 379; *Walker v Sheldon,* 10 NY2d 401; *Rivas v AmeriMed USA, Inc.,* 34 AD3d 250; *Ross v Louise Wise Servs., Inc.,* 8 NY3d 478.) IV. Lost profits and child support expenses were properly excluded as damages for appellant's fraud claim. (*Lama Holding Co. v Smith Barney,* 88 NY2d 413; *New York Univ. v Continental Ins. Co.,* 87 NY2d 308; *Kavner v Geller,* 49 AD3d 281; *Boyle v Burkich,* 245 AD2d 609; *Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249; *Kaufman v Kaufman,* 127

AD2d 463; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536; *Greschler v Greschler*, 51 NY2d 368; *Zanett Lombardier, Ltd. v Maslow*, 29 AD3d 495; *Vermilyea v Vermilyea*, 224 AD2d 759.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

The dispute in this matrimonial action centers on the extent of discovery that should be permitted into issues of marital fault. As set forth in the complaint, plaintiff husband and defendant wife were married in May 1997. Defendant had one child from a previous relationship, who was later adopted by plaintiff. Three other children were born during the course of the marriage. The youngest child, born in 2004, was the product of an extramarital affair between defendant and an unidentified man. Plaintiff, unaware of his wife's infidelity until the child was over three years old, has raised that child as his own. Plaintiff alleges that, although defendant knew or should have known that the child was not plaintiff's, she withheld that information from him.

In 2007, defendant allegedly commenced another extramarital affair with an individual who was initially named as a correspondent in this action. Plaintiff confronted defendant with his suspicions of her infidelity, but she denied that she was unfaithful. Defendant maintained that there were no grounds for divorce and the parties entered into the collaborative law process at her suggestion. Several months later, plaintiff obtained the results of a DNA marker test revealing that he was not the biological father of the youngest child.

Soon thereafter, plaintiff commenced this action asserting two causes of action for divorce—based on grounds of cruel and inhuman treatment and adultery—and a cause of action for fraud, seeking compensatory and punitive damages. The fraud allegations stated that defendant represented that she had been faithful to plaintiff and that he continued to participate in the marriage in reliance upon those representations to his financial detriment. He sought to recover damages under the fraud claim based upon costs he incurred due to defendant's failure to disclose her adultery—specifically, the amounts he expended in support of the youngest child, profits from marital investments that he would have deferred and fees for the collaborative law process. Among other things, plaintiff sought equitable distribution of the marital property, alleging that the bulk of the

property should be awarded to him due to defendant's egregious fault. Defendant answered and asserted a counterclaim for divorce on the ground of abandonment.

Defendant moved to dismiss or sever the fraud cause of action and plaintiff cross-moved for liberal discovery relating to his fraud claim and to the issue of defendant's egregious fault for purposes of equitable distribution.[1] Supreme Court denied defendant's motion to dismiss and found that the complaint stated a cause of action for fraud, but limited plaintiff's available damages to his pecuniary loss in the form of collaborative law process fees. The court also denied plaintiff's cross motion for liberal discovery, finding that defendant's actions did not rise to the level of egregious fault.

A majority of the Appellate Division affirmed, agreeing that defendant's behavior did not constitute egregious fault such that it could be considered for purposes of equitable distribution (62 AD3d 187 [1st Dept 2009]). The Court further found that plaintiff could only pursue his claims of actual pecuniary loss under the fraud cause of action and rejected the claims for lost profits, child support and punitive damages. One Justice dissented and would have allowed plaintiff to obtain liberal discovery on the issue of egregious conduct. The Appellate Division granted plaintiff leave to appeal (2009 NY Slip Op 74834[U] [2009]), and we now affirm.

Domestic Relations Law § 236 (B) (5) (d) sets forth the factors a court must consider when making an equitable distribution award. The statute does not specifically provide for consideration of marital fault, but does contain a catchall provision that allows a court to consider "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236 [B] [5] [d] [14]). We have, however, rejected the notion that marital fault is a "just and proper" factor for consideration, "[e]xcept in egregious cases which shock the conscience of the court" (O'Brien v O'Brien, 66 NY2d 576, 589-590 [1985]). This rule is based, in part, upon the recognition that marriage is, among other things, an economic partnership and that the marital estate should be divided accordingly. We also observed that "fault will usually be difficult to assign and [that] introduction of the issue may involve the courts in time-consuming

---

1. The parties indicate that they have stipulated to a divorce on the ground of constructive abandonment. A copy of that stipulation was not included in the record on appeal.

procedural maneuvers relating to collateral issues" (*O'Brien*, 66 NY2d at 590).

▪ Although we have not had occasion to further define egregious conduct, courts have agreed that adultery, on its own, does not ordinarily suffice (*see e.g. Newton v Newton*, 246 AD2d 765, 766 [3d Dept 1998]; *Lestrange v Lestrange*, 148 AD2d 587, 588 [2d Dept 1989]). This makes sense because adultery is a ground for divorce—a basis for ending the marital relationship, not for altering the nature of the economic partnership. At a minimum, in order to have any significance at all, egregious conduct must consist of behavior that falls well outside the bounds of the basis for an ordinary divorce action. This is not to say that there can never be a situation where grounds for divorce and egregious conduct will overlap. However, it should be only a truly exceptional situation, due to outrageous or conscience-shocking conduct on the part of one spouse, that will require the court to consider whether to adjust the equitable distribution of the assets (*see e.g. Levi v Levi*, 46 AD3d 520 [2d Dept 2007] [attempted bribery of trial judge]; *Havell v Islam*, 301 AD2d 339 [1st Dept 2002] [vicious assault of spouse in presence of children]).[2] Absent these types of extreme circumstances, courts are not in the business of regulating how spouses treat one another.

The complaint alleges that defendant committed adultery and that, as a consequence of that conduct, she conceived a child that she knew or should have known was fathered by another man and that she kept that information from plaintiff. Even taking these allegations as true, plaintiff has essentially stated a cause of action for adultery. While adultery, and many of its unintended consequences, will undoubtedly cause a great deal of anguish and distress for the other spouse, it does not fit within the legal concept of egregious conduct. Moreover, plaintiff's cause of action for fraud[3] is based entirely upon defendant's alleged adultery and on plaintiff's reliance upon the

---

2. Although the Appellate Division opinion below generally stated the correct standard, to the extent that it can be read to limit egregious conduct to behavior involving extreme violence, the definition should not be so restrictive.

3. We note that since defendant did not cross-appeal the denial of the motion to dismiss the fraud cause of action to the Appellate Division, the issue of whether or not plaintiff stated a cause of action for fraud was not presented to that Court and is not before us.

denial of that behavior. Plaintiff cannot obtain discovery for what is essentially an allegation of marital fault.[4]

■ Although CPLR 3101 (a) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action," Domestic Relations Law § 236 (B) (5) (d) is the specific statutory provision that governs equitable distribution in marital actions. Despite the general policy in favor of liberal discovery, this Court has interpreted the more specific section of the Domestic Relations Law to allow for consideration of marital fault in only a limited set of circumstances involving egregious conduct. In the absence of those circumstances, liberal discovery on issues of marital fault—at variance with *O'Brien*—should not ordinarily be permitted, though there may be exceptions in rare circumstances (*see e.g. Anonymous v Anonymous*, 71 AD2d 209, 214 [1st Dept 1979]). Despite the availability of protective orders if courts were to consider these matters on a case by case basis, there remains significant potential for abuse and harassment as a result of such discovery, as well as the possibility that parties will be induced to enter into disadvantageous settlements rather than litigate these types of intensely personal issues.

Plaintiff's contentions pertaining to permissible damages with respect to his fraud cause of action are without merit.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

PIGOTT, J. (dissenting). I respectfully dissent because, in my view, it is premature to rule that wife's behavior does not, as a matter of law, constitute egregious misconduct for purposes of equitable distribution under the Domestic Relations Law. Therefore, husband is entitled to discovery on his claim.

It is well settled that parties are entitled to "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a] [1]). This provision makes no exception for matrimonial actions. Further, as the majority recognizes, this Court has held that marital fault may be considered under factor 14 of Domestic Relations Law § 236 (B) (5) (d) (14), which provides that a court may consider "any other

---

4. This holding, of course, has no impact on a party's ability to seek discovery for the dissipation of marital assets (*see* Domestic Relations Law § 236 [B] [5] [d] [12]).

factor which the court shall expressly find to be just and proper" (majority op at 435, citing *O'Brien v O'Brien*, 66 NY2d 576 [1985]). We limited such consideration of fault to "egregious cases which shock the conscience of the court" (*O'Brien* at 589-590). It is within the court's discretion to determine whether a spouse's misconduct is so egregious to justify consideration for purposes of equitable distribution. In my view, the court should make this determination with full disclosure of the misconduct.

The majority finds that discovery on the issue of fault is precluded in this case. Although neither party affirmatively moved for a ruling on the egregious misconduct claim, the majority reasons that the conduct alleged by husband is not so egregious as a matter of law to be considered for purposes of equitable distribution. In my view, this is putting the cart before the horse. Indeed, the majority has implicitly accepted the view of the First and Second Departments that a party is required to make a motion for discovery on the issue of fault (*see Ginsberg v Ginsberg*, 104 AD2d 482 [2d Dept 1984]; *McMahan v McMahan*, 100 AD2d 826 [1st Dept 1984] [two Justices dissenting]). I disagree with this approach, and rather, take the view of the Third and Fourth Departments that have no general prohibition of pretrial discovery on fault, relying on our liberal discovery rule (*see Nigro v Nigro*, 121 AD2d 833 [3d Dept 1986]; *Lemke v Lemke*, 100 AD2d 735 [4th Dept 1984]). Under that rule, husband is entitled to discovery on the issue of fault, albeit with the court overseeing and preventing abuses by asserting its protective power (*see* CPLR 3103 [a] [authorizing the court to issue a protective order "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts"]). By first permitting discovery on the issue, the court may adequately consider whether the misconduct alleged does indeed "shock the conscience of the court" so as to warrant consideration for purposes of equitable distribution.

Further, I cannot agree with the majority's reasoning for imposing a rule that would require a party to first seek permission from the court to obtain discovery on egregious fault. The majority reasons that, despite the court's protective power, "there remains significant potential for abuse and harassment as a result of such discovery" (majority op at 437). However, considerations of abuse and harassment may be found in any contentious litigation. Further, fault is almost always an issue in a matrimonial case as a finding of fault or the living apart of

the spouses are the only grounds for divorce in New York. Matrimonial cases often involve issues of a sensitive nature, and courts are well equipped to deal with the potential problems associated with them. Thus, disclosure should be permitted with restrictions imposed on a case-by-case basis, when problems peculiar to the particular case arise (*see* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:15 [noting that CPLR 3101 (a) permits courts to restrict disclosure in specific cases where problems exist]).

Further, the majority believes there is a "possibility that parties will be induced to enter into disadvantageous settlements rather than litigate these types of intensely personal issues" (majority op at 437). At least one matrimonial scholar disagrees:

> "Often, the pretrial examination can motivate settlement and avoid the far more bitter confrontation of the parties at trial, thereby paving the way for more harmonious post-divorce relationships. In any event, there would appear to be no valid reason to force matrimonial litigants to trial with less opportunity for disclosure and preparation than in any other civil action" (2 Tippins, New York Matrimonial Law and Practice § 16:29).

Assuming wife moved for a protective order limiting husband's discovery on the issue of fault, I think the issue would be close. While adultery has generally been held not to be an act so egregious as to become a factor to be considered when distributing marital property, it may be a factor if it amounts to "egregious" misconduct. Here, wife not only committed adultery on more than one occasion, she also had a child out of wedlock and deceived both husband and child as to that child's birth parent. In my view, it is premature without additional discovery to conclude at this juncture that wife's misconduct is not so egregious to warrant consideration for purposes of the Domestic Relations Law.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur with Chief Judge LIPPMAN; Judge PIGOTT dissents in a separate opinion.

Order affirmed, etc.