*382 OPINION OF THE COURT
Daniel Palmieri, J.
The motion by the defendant pursuant to CPLR 3101 for a protective order barring the plaintiff from inquiring as to marital fault, and cross motion by the plaintiff pursuant to CPLR 3124 to compel such disclosure, and pursuant to CPLR 3126 for an order precluding defendant from introducing at trial evidence addressed by plaintiff’s discovery demands or, in the alternative, directing compliance with outstanding discovery demands, and for interim attorney’s fees, are decided as set forth in this order. All requests not specifically addressed are denied.
This is one of those rare instances in which a court should permit discovery of marital fault as a potential factor in equitable distribution.
In her action for divorce, the plaintiff wife alleges in her complaint that the defendant engaged in cruel and inhuman treatment that so endangered her mental and physical well-being so as to render it unsafe and improper for the parties to cohabit as husband and wife. (Domestic Relations Law § 170 [1].)
In support of this ground, the plaintiff alleges, inter alia, that in late 2006 the defendant was arrested and subsequently convicted of engaging in a course of sexual conduct against a child in the second degree. The child was plaintiffs then eight-year-old granddaughter from a previous marriage. Plaintiff further alleges that in 2008 the defendant admitted that he also had earlier molested the plaintiffs daughter, the mother of the granddaughter, when the daughter was 12 years old. The plaintiff alleges that defendant’s conduct was a source of horror and dismay, and caused her to suffer extreme anguish and upset. There are further allegations in the complaint which concern conduct directed to the plaintiff herself, but as is indicated in the parties’ submissions they are not the subject of the current motion for a protective order, and that branch of the cross motion that is to compel such discovery.
Specifically, the defendant seeks a protective order which would bar at his deposition all questions which concern marital fault, as his attorney was notified by opposing counsel that it was his intention to do so. In response, the plaintiff cross-moves pursuant to CPLR 3124 and 3126 (1) for an order permitting her attorney to ask questions regarding his sexual misconduct *383 toward the granddaughter at defendant’s deposition, (2) for an order of preclusion for failure to comply with other discovery demands or, in the alternative, for an order directing him to comply, and (3) for an award of interim attorney’s fees in the sum of $20,000.
Initially, as in her cross motion the plaintiff has confined her application to compel disclosure regarding marital fault to defendant’s actions against the granddaughter, she has effectively failed to oppose so much of the motion that seeks protection from disclosure of other forms of alleged marital fault. Accordingly, the motion is granted to that extent.
The discovery issue therefore concerns the granddaughter only. The court notes at this juncture that the rulings contained in this order concern article 31 pretrial disclosure only, and are not intended to bind the trial court in any way regarding the admissibility of this or any other evidence offered at trial.
The key authority is the recent case of Howard S. v Lillian S. (14 NY3d 431 [2010]), in which the Court of Appeals considered the issue. In that case, the wife was shown by the husband to have committed adultery, to have given birth to a child during the marriage as a result of that adulterous act, and to have hidden this fact from the husband. He claimed that this had caused him to raise the child as his own and to have made certain personal and economic decisions as a result, decisions he claimed he would not have made had he known. These included spending money on the child, taking profits from marital investments he would have deferred, and even continuing in the marriage itself.
In affirming the Supreme Court and the Appellate Division’s denial, inter alia, of the husband’s request for discovery on the issue of egregious marital fault for purposes of equitable distribution, the court held that the circumstances of the case were insufficient for that purpose. It reiterated its statement in the landmark case of O’Brien v O’Brien (66 NY2d 576, 689-590 [1985]) that marital fault is not a “just and proper” factor under Domestic Relations Law § 236 (B) (5) (d) (14) for equitable distribution “ ‘except in egregious cases which shock the conscience of the court.’ ” In Howard S., the Court stated that in order to be a factor in making determinations on the economic aspects of the marriage, the egregious conduct “must consist of behavior that falls well outside the bounds of the basis for an ordinary divorce action.” (14 NY3d at 436.) It added, however, that there may be situations where grounds for divorce and egregious *384 conduct will overlap, but “it should be only a truly exceptional situation, due to outrageous or conscience-shocking conduct on the part of one spouse, that will require the court to consider whether to adjust the equitable distribution of the assets.” (Id.) It contrasted the case before it with cases where such an adjustment would be appropriate, one involving the attempted bribery of the trial judge, the other a vicious assault of the other spouse in the presence of the children. (See Levi v Levi, 46 AD3d 520 [2d Dept 2007] and Havell v Islam, 301 AD2d 339 [1st Dept 2002].)
Of interest, however, is that the Court stated in a footnote to the foregoing cases that “to the extent [the Appellate Division decision appealed from] can be read to limit egregious conduct to behavior involving extreme violence, the definition should not be so restrictive.” (14 NY3d at 436 n 2.) This clearly leaves the matter open to an individual assessment of each case in which such conduct is alleged, without a narrow reference to one particular type of conduct or injury. The court therefore must disagree with the defendant that because the injury to the plaintiff was solely psychological, and that the conduct was directed to a third party, such conduct never could be considered.
Under Howard S., the common thread is and remains whether the conduct leading to injury of the plaintiff was “outrageous” or “conscience-shocking.” Further, there is nothing in the Howard S. decision that would have a court apply standards applicable to personal injury actions — e.g., whether the conduct was directed to a party personally — to determinations of egregious marital fault. The court’s citation to the case in which there was an attempt to bribe the trial judge indicates otherwise. It should also be noted that psychological damage caused by egregious conduct was cited by the Havell court as a proper basis for consideration of marital fault in the economic arena. (Havell v Islam, 301 AD2d 339, 344-345 [2002], supra.) Indeed, one of the cases the Havell court cited as sufficient concerned the rape by the husband of the wife’s 17-year-old stepdaughter, an act of sexual misconduct akin to what is presented here.
As noted, in the present case the actions are alleged to bé molestation of the plaintiffs eight-year-old grandchild. It cannot seriously be argued that this could never be a sufficient basis under Howard S. for a finding of “outrageous” or “conscience-shocking” conduct, no matter what disclosure of the underlying *385 facts might reveal. The facts therefore must be developed, and this is the role of pretrial discovery.
The court also rejects defendant’s contention that his acknowledged plea of guilty is sufficient for asserting plaintiffs claim of egregious fault. Notwithstanding the plea, no trial court can fairly determine whether the defendant’s conduct was sufficiently outrageous or conscience-shocking to affect equitable distribution based on a conviction alone. It is common knowledge that pleas are often the result of negotiations in which factors other than the details of the crime itself come into play. Nor can the court agree with defendant that the potential involvement of the granddaughter or her mother forecloses the inquiry. The issue is his conduct, and the effect on the plaintiff, and his alleged victims cannot be used as shields. The court has broad discretion in regulating discovery, and will do so should either party seek to depose either one of these persons over the mother’s objection.
Accordingly, the motion for a protective order is denied to the extent that defendant seeks to bar questions concerning the defendant’s conduct with the plaintiffs granddaughter, and that branch of the cross motion that is to permit such an inquiry is granted.
The branch of the cross motion that seeks the sanction of preclusion or a direction to compel disclosure is denied as moot, as the papers indicate that in response to the cross motion disclosure was provided. However, that branch of the cross motion that is for attorney’s fees is granted in the amount of $5,000 to compensate her for having to seek court intervention to achieve the result, especially as she presents a prior conference order directing such production, which was not obeyed.
The court also awards plaintiff $10,000 in interim counsel fees above what is awarded as a result of this motion, with leave to reapply for additional sums as circumstances warrant. It is undisputed that she has not worked since 1993, yet the parties’ 2010 tax return indicates an adjusted gross income of $517,831, including substantial wage and business income, clearly the defendant’s. The court rejects defendant’s assertion that because plaintiff has access to bank accounts totaling $186,446 she should pay her own counsel fees. She is the less monied spouse, and should not be forced to liquidate marital assets to pay for her attorney under these circumstances. (See Wexler v Wexler, 162 AD2d 326 [1st Dept 1990].)
*386 The awards of attorney’s fees shall be paid within 20 days of the date of this order.
Finally, because of the possible identification of the plaintiffs daughter and granddaughter the court sua sponte amends the case caption to avoid such a result. This caption should be used in all future filings with the court.