In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Janowitz, J.), dated March 16, 2012, which denied her motion to compel the plaintiff to comply with certain discovery demands, for an award of temporary maintenance, and to direct the plaintiff to pay one half of the monthly mortgage obligation on certain investment property.
Ordered that the order is affirmed, with costs.
The parties to this action for a divorce were married in 1974 and have four adult children. In November 2011, the Supreme Court denied the defendant’s motion to compel the plaintiff to comply with certain discovery demands, for an award of temporary maintenance, and to direct the plaintiff to pay one half of the monthly mortgage obligation on certain investment property.
Although CPLR 3101 (a) provides for “full disclosure of all matter material and necessary in the prosecution or defense of an action,” discovery concerning marital fault with regard to equitable distribution is permitted “in only a limited set of circumstances involving egregious conduct” (Howard S. v Lillian S., 14 NY3d 431, 437 [2010]; see O’Brien v O’Brien, 66 NY2d *856 576, 589-590 [1985]). Moreover, except in certain circumstances, medical records are protected from discovery by CPLR 4504 (a). Here, the Supreme Court properly determined that the defendant’s allegation that the plaintiff infected her with genital herpes more than 20 years prior to her motion was insufficient to warrant discovery of, inter alia, the plaintiffs confidential medical records (see Howard S. v Lillian S., 14 NY3d at 435-436).
The Supreme Court properly denied that branch of the defendant’s motion which was for an award of temporary maintenance, as the parties’ 2010 income tax returns demonstrated that she was the spouse with the higher income (see Domestic Relations Law §§ 236 [B] [5-a] [b] [4]; 240 [1-b] [b] [5]).
The Supreme Court also properly denied that branch of the defendant’s motion which was to direct the plaintiff to pay one half of the monthly mortgage obligation on certain investment property (see Domestic Relations Law § 236 [B] [5-a]). There is no merit to the defendant’s contention that the plaintiffs failure to pay a portion of the monthly mortgage obligation on that property constituted a wasteful dissipation of marital assets (cf. Maggiore v Maggiore, 91 AD3d 1096, 1097 [2012]). Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.