■ LAVERNE PIERRE, Appellant, v DERICK M. PIERRE, Respondent. [42 NYS3d 795]—

Judgment, Supreme Court, Bronx County (Nelida Malave-Gonzalez, J.), entered January 8, 2015, which to the extent appealed from as limited by the brief, awarded defendant husband, 50% of the marital home and computed child support arrears from June 19, 2008 through March 2011 only, unanimously modified, on the law, the facts and in the exercise of discretion, to award plaintiff wife 95% of the marital home and additional child support arrears for the period April 2011 through November 24, 2014, at a rate of $746 per month, for a total arrears of $57,069, and otherwise, affirmed, without costs.

Marital fault can only be considered under Domestic Relations Law § 236 (B) (5) (d) (14), where the misconduct is "so egregious or uncivilized as to bespeak of a blatant disregard of the marital relationship—misconduct that 'shocks the conscience' of the court[,] thereby compelling it to invoke its equitable power to do justice between the parties" (*Howard S. v Lillian S.*, 62 AD3d 187, 190-191 [1st Dept 2009], *affd* 14 NY3d 431 [2010]). To be deemed egregious, the conduct must callously imperil the value society places on human life and " 'the integrity of the human body' " (*Havell v Islam*, 301 AD2d 339, 345 [1st Dept 2002], *lv denied* 100 NY2d 505 [2003]).

Here, defendant stabbed plaintiff wife two times with a steak knife, slammed her head against the toilet and put it into the bowl, causing her to enter a coma, require months of hospitalization and five surgeries, and rendering her disabled. He pleaded guilty to attempted assault in the first degree. This conduct is so egregious as to warrant a reduction in the equitable distribution award to defendant husband.

With respect to child support, the court improperly failed to include in its award retroactive child support to the date of the judgment, a period of some 43 months. Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.