Socci v Socci (2020 NY Slip Op 04888)





Socci v Socci


2020 NY Slip Op 04888


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-11279
 (Index No. 202806/09)

[*1]Rosalie Socci, respondent, 
v
Stephen Socci, appellant.


The Law Offices of Thomas F. Liotti, LLC, Garden City, NY, for appellant. 
Law Offices of Ira C. Podlofsky, P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Sondra K. Pardes, J.), entered October 26, 2015. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated May 27, 2015, made after a nonjury trial, awarded the plaintiff 75% of the net proceeds from the sale of the marital residence and 60% of certain other assets as her equitable share of the marital property.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married on February 7, 1987. In March 2008, the defendant was convicted, upon his pleas of guilty, of assault in the second degree (two counts), kidnapping in the second degree, and aggravated criminal contempt related to incidents in which he beat the parties' two daughters with a belt and chained them to a tree overnight, and forced the plaintiff into his vehicle and tried to make her pour gasoline on herself (see People v Socci, 160 AD3d 904). In October 2009, the plaintiff commenced this action for a divorce and ancillary relief. At the trial in the divorce action, the plaintiff testified as to these events, as well as numerous other incidents of physical abuse during the marriage. In a decision after trial dated May 27, 2015, the Supreme Court, among other things, found that the defendant's egregious conduct in abusing the plaintiff over the course of the marriage warranted consideration in determining equitable distribution. Based, in part, on the defendant's egregious fault, the court awarded the plaintiff 75% of the net proceeds from the sale of the marital residence and 60% of the parties' investment and bank accounts and of the marital contributions to the defendant's deferred compensation plan. A judgment of divorce was entered on October 26, 2015. The defendant appeals.
The general rule in New York is that marital fault should not be considered in determining equitable distribution (see O'Brien v O'Brien, 66 NY2d 576, 589-590). However, egregious marital fault may be considered in rare cases involving extreme conduct which shocks the conscience of the court (see Domestic Relations Law § 236[B][5][d][14]; Howard S. v Lillian S., 14 NY3d 431, 435-436; O'Brien v O'Brien, 66 NY2d at 589-590; Brancoveanu v Brancoveanu, 145 AD2d 395, 398). The marital misconduct must be "so egregious or uncivilized as to bespeak of a blatant disregard of the marital relationship" (Blickstein v Blickstein, 99 AD2d 287, 292; see Levi [*2]v Levi, 46 AD3d 520, 521; Havell v Islam, 301 AD2d 339, 345).
Here, the Supreme Court providently exercised its discretion in finding that the defendant's sustained physical abuse of the plaintiff over the course of their marriage constituted egregious marital fault to be factored into the equitable distribution award in addition to other considerations, and providently exercised its discretion in fashioning the equitable distribution award (see Havell v Islam, 301 AD2d at 345; Brancoveanu v Brancoveanu, 145 AD2d at 398). Contrary to the defendant's contention, the court properly rejected his argument that he should not be held responsible for the abuse because of a brain injury he sustained in 2005. The evidence established that the abuse began prior to the defendant's accident, and the defendant failed to offer evidence to support his argument that he lacked legal responsibility for his acts by reason of a mental disease or defect (see Levi v Levi, 46 AD3d at 521-522). Notably, the defendant's criminal convictions related to the abuse have been affirmed on appeal (see People v Socci, 160 AD3d 904).
The defendant further contends that he was denied the effective assistance of trial counsel. However, there is neither a constitutional nor a statutory right to counsel in the equitable distribution portion of a matrimonial action (see Matter of Smiley, 36 NY2d 433, 440; Elsayed v Edrees, 141 AD3d 503, 505; cf. Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943-944). "[I]n the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" (HBJOBaron Assoc. v Leahing, 142 AD3d 585, 585 [internal quotation marks omitted]). The defendant failed to demonstrate the existence of extraordinary circumstances.
The defendant's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court