Mohamed v Abuhamra (2023 NY Slip Op 06614)

Mohamed v Abuhamra

2023 NY Slip Op 06614

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

779 CA 22-01926

[*1]ABLA MOHAMED, PLAINTIFF-RESPONDENT,
v
HANI ABUHAMRA, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

JAMES P. RENDA, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN L. WHITCOMB OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Lynn W. Keane, J.), entered July 14, 2022, in a divorce action. The judgment, inter alia, equitably distributed marital property of the parties. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: These appeals arise out of an action for divorce commenced by plaintiff (wife). Following a trial, Supreme Court issued the judgment in appeal No. 1 that inter alia, equitably distributed some of the marital property of the parties and awarded maintenance and child support to the wife. The court thereafter issued the order in appeal No. 2, effectively granting in part the application of the wife seeking attorneys' fees for her attorneys from The Legal Aid Bureau of Buffalo, Inc. (Legal Aid). The parties waived a hearing, and thus the court determined the issue of attorneys' fees on the papers and issued the judgment in appeal No. 3. Inasmuch as the order in appeal No. 2 was subsumed into the final monetary judgment in appeal No. 3, we dismiss appeal No. 2 (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]; see also CPLR 5501 [a] [1]).
Defendant (husband) raises numerous challenges to the judgment in appeal No. 1 insofar as it imputed income to him, awarded the wife nondurational maintenance and, in his view, inequitably distributed marital assets. He also challenges the judgment in appeal No. 3, contending that the court erred in awarding attorneys' fees to the wife's attorneys. Important to any analysis related to the financial determinations of the court are the numerous questionable acts committed by the husband before and after the divorce action was commenced.
As the husband's counsel conceded at oral argument, the husband violated orders restraining him from transferring assets or accessing various safety deposit boxes, rendering it difficult to accurately discern the value of those marital assets. He also transferred ownership of his various businesses to his brother and a long-term employee/friend. Although some of those transfers occurred before the divorce action was filed, the husband made those transfers when he was facing a lengthy prison sentence (People v Abuhamra, 107 AD3d 1630 [4th Dept 2013], lv denied 22 NY3d 1038 [2013]; 107 AD3d 1632 [4th Dept 2013], lv denied 22 NY3d 1038 [2013]). Nevertheless, even from prison, the husband maintained control of his businesses. Upon his release from prison, the husband continued that control.
By the time this divorce action was commenced, the husband had conducted numerous transactions to make it appear as if he had no assets, attempting to establish that his multi-million dollar businesses were no longer his and that he was earning only around $12,500 a year. The [*2]husband's financial maneuvering prompted the wife to commence an RPAPL action (Mohamed v Abuhamra, 207 AD3d 1121 [4th Dept 2022]), which then prompted the transferees of the businesses, i.e., the brother, the employee/friend and their newly acquired businesses, to seek to intervene in this divorce proceeding. The court denied the motion to intervene, and we affirmed that order (Mohamed v Abuhamra, 193 AD3d 1368 [4th Dept 2021]).
"Giving due deference to the court's credibility determinations" (Iannazzo v Iannazzo [appeal No. 2], 197 AD3d 959, 961 [4th Dept 2021]), we reject most of the husband's contentions.
Contrary to the husband's contentions in appeal No. 1, the court did not err in imputing income to the husband. Given the husband's conduct, the determination of his exact income was impossible, and the last concrete measure of his income was set forth on his 2008 tax return. Under the circumstances of this case, the court properly used that last known measure of income, and we conclude that the court's determination to impute that income to the husband was appropriate (see generally Carney v Carney, 160 AD3d 218, 227 [4th Dept 2018]; Belkhir v Amrane-Belkhir, 118 AD3d 1396, 1397 [4th Dept 2014]). "It is well settled that '[i]ncome may be imputed based on a party's earning capacity, as long as the court articulates the basis for imputation and the record evidence supports the calculations' " (Anastasi v Anastasi, 207 AD3d 1131, 1132 [4th Dept 2022]; see Belkhir, 118 AD3d at 1398; Sharlow v Sharlow, 77 AD3d 1430, 1431 [4th Dept 2010]). Inasmuch as the court articulated the basis for its determination and the record evidence supports that determination, this Court will not disturb the court's determination.
The husband contends in an issue heading and his conclusory paragraph in appeal No. 1 that the court erred in awarding the wife nondurational maintenance, but he did not actually brief that issue on appeal. Assuming, arguendo, that the husband's contention is properly before us, we conclude that the award of nondurational maintenance was appropriate under the circumstances of this case (see Summer v Summer, 85 NY2d 1014, 1016 [1995], rearg denied 86 NY2d 886 [1995]; Kirschenbaum v Kirschenbaum, 264 AD2d 344, 345 [1st Dept 1999]; see also Domestic Relations Law § 236 [B] [6] [f] [2]).
Contrary to the husband's contention in appeal No. 1, the court appropriately credited him for temporary child support payments. We reject the husband's further contention in appeal No. 1 that he is entitled to credit for temporary maintenance and household expenses. The money that was paid for those expenses came from joint marital funds placed in an escrow account as opposed to voluntary individual payments made "toward 'the other party's share' " of expenses (Antinora v Antinora, 125 AD3d 1336, 1337 [4th Dept 2015]; cf. Le v Le, 82 AD3d 845, 846 [2d Dept 2011]).
The husband further contends in appeal No. 1 that the court erred in awarding the wife 100% of a second escrow account as equitable distribution. We again reject the husband's contention. In determining the equitable distribution of marital property, courts are required to consider various factors, which are set forth in Domestic Relations Law § 236 (B) (5) (d). Included in those factors are, inter alia, "the impossibility or difficulty of evaluating any component asset or any interest in a business, corporation or profession" (§ 236 [B] [5] [d] [10]), "the wasteful dissipation of assets by either spouse" (§ 236 [B] [5] [d] [12]), "any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration"
(§ 236 [B] [5] [d] [13]), "whether either party has committed an act or acts of domestic violence . . . against the other party and the nature, extent, duration and impact of such act or acts" (§ 236 [B] [5] [d] [14]), and "any other factor which the court shall expressly find to be just and proper" (§ 236 [B] [5] [d] [16]).
In "egregious cases which shock the conscience of the court" (O'Brien v O'Brien, 66 NY2d 576, 589 [1985]; see Howard S. v Lillian S., 14 NY3d 431, 435 [2010]), the court may consider one party's fault in fashioning a distribution award (see Blickstein v Blickstein, 99 AD2d 287, 292 [2d Dept 1984], appeal dismissed 62 NY2d 802 [1984]). This is one such egregious case. Based on its credibility determinations, the court wrote in its decision and order that, "[i]n response to this divorce action being filed, [the] husband hid bank accounts, transferred funds and emptied safe deposit boxes. [The husband] schemed with his brother and a friend to under report [the] husband's financial status and income." We conclude that "[t]he marital misconduct [was] 'so egregious or uncivilized as to bespeak of a blatant disregard of the marital relationship' [*3]" (Socci v Socci, 186 AD3d 1289, 1290 [2d Dept 2020], quoting Blickstein, 99 AD2d at 292; see generally Howard S., 14 NY3d at 436). Moreover, the husband made it impossible for the court to determine the value of his businesses as well as the true amount of marital assets (see Braun v Braun, 11 AD3d 423, 423 [2d Dept 2004], lv denied 4 NY3d 702 [2005]). Given the evidence that the husband secreted marital funds and disregarded court orders to preserve marital assets, we conclude that the court's determination to award the wife 100% of the known marital assets should not be disturbed.
Even assuming, arguendo, that the husband correctly contends in appeal No. 1 that the court erred in refusing to admit in evidence an exhibit purporting to be a contract for the sale of one of the husband's businesses, we conclude that reversal is not required. Any error with respect to refusing to admit that evidence is harmless (see Sheridan v Sheridan, 129 AD3d 1567, 1567 [4th Dept 2015]; Matter of Emmitt-Klinger v Klinger, 48 AD3d 992, 993 [3d Dept 2008]).
Finally, in appeal No. 3, the husband contends that the court erred in awarding attorneys' fees to the wife's counsel, i.e., Legal Aid. We agree. The court lacked authority to award attorneys' fees to Legal Aid inasmuch as the wife did not pay for any legal services aside from the $45 retainer fee and did not owe any additional fees to Legal Aid. Domestic Relations Law § 237 (a) limits awards of attorneys' fees to the amounts "paid and still owing" to the attorneys (see generally 22 NYCRR 202.16 [k] [3]; Gass v Gass, 91 AD3d 557, 558 [1st Dept 2012]). Here, it is undisputed that the wife did not pay or owe Legal Aid anything beyond the $45 retainer fee. Indeed, the wife's retainer agreement specifically provided that, although Legal Aid reserved the right "[t]o seek and retain attorney fees and statutory costs from the opposing party," the wife was never actually obligated to pay those amounts. Instead, the wife's agreement with Legal Aid states that the wife had the right "[t]o receive legal services without paying for a lawyer." Inasmuch as recovery is limited to amounts actually paid or owing to an attorney, the fact that the wife was never obligated to pay Legal Aid anything beyond the $45 retainer fee makes it improper for the court to have awarded Legal Aid attorneys' fees. Where, as here, one party is not obligated to pay the attorneys' fees, an award to the attorney does nothing to fulfill the ultimate goal of the statute, which is "to redress the economic disparity between the monied spouse and the non-monied spouse" (O'Shea v O'Shea, 93 NY2d 187, 190 [1999]; see Decker v Decker, 91 AD3d 1291, 1291 [4th Dept 2012]). We therefore vacate the judgment in appeal No. 3 and reverse the order in appeal No. 2.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court