Brandford v Brandford (2025 NY Slip Op 02057)

Brandford v Brandford

2025 NY Slip Op 02057

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-11157
 (Index No. 55091/17)

[*1]Sherwin Brandford, appellant, 
v
Semra Brandford, respondent.

Sherwin Brandford, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated March 23, 2023. The order, after a hearing, denied the plaintiff's motion for recusal of the Justice presiding.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married in 2016 and have one child together. In 2017, the plaintiff commenced this action against the defendant for a divorce and ancillary relief. In 2023, the plaintiff moved for recusal of the Justice presiding, alleging that the Justice presiding was biased against him. In an order dated March 23, 2023, the Supreme Court, after a hearing, denied the motion. The plaintiff appeals.
"Absent a legal disqualification under Judiciary Law § 14, the determination of a motion for recusal of the Justice presiding based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court" (Nationstar Mtge, LLC v Balducci, 165 AD3d 959, 960). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's recusal motion, as the plaintiff did not establish any basis warranting recusal (see Gravagna v Gravagna, 186 AD3d 1333; Levi v Levi, 46 AD3d 520).
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court